treasury under the mistaken belief that they were included within the terms of the maximum fee bill. The county was by the terms of said act denied the right to plead limitation as a defense to such claim. The conditional right of action conferred on the respective tax collectors by that act became vested when the same became effective. The repeal of said act by chapter 3, General Laws 41st Legislature, Fourth Called Session, 1930, did not destroy such right. Appellant's suit was pending at that time, and his rights were in no way affected thereby. Limestone County v. Robbins (Tex. Com. App.) 38 S.W.(2d) 580.

Appellant, to sustain his claim for commissions for the collection of delinquent taxes, should plead and prove affirmatively that he performed the additional duties required of him in such connection by the several provisions of said act of 1915. Curtin v. Harris County, supra, 111 Tex. p. 577, 242 S. W. 444; Limestone County v. Robbins, supra. He will in no event be entitled to recover commissions on delinquent taxes collected by him on or after the 15th day of August, 1923.

The judgment of the trial court is reversed, and the cause is remanded.

appellants were his associates, but agency cannot be proved by declarations of the alleged agent. The existence of any debt whatever, and therefore of any lien whatever, depends upon evidence of the agency of Weigel to make the contract for appellants, and evidence of the fact that the contract was actually made by him for them. Finding no evidence of agency, or of any intention to bind appellants, there was no basis for the lien or the debt.

We express no opinion on the question of the quantum of proof required to sustain venue, as against a plea of privilege, of a suit to foreclose a lien fixed by virtue of a written contract executed by the defendants in a foreclosure suit. It is recognized that the question is sometimes perplexing as to the quantum of proof required to sustain venue under the several exceptions. The case here presented is one in which there is no evidence, either of a debt owing by appellants or of a lien on any property owned by them. The appellees therefore failed to meet the burden imposed by law upon them to overcome appellants' right to a change of venue under their plea of privilege.

### SIMS et al. v. CALLIHAN et al.
### No. 785.

Court of Civil Appeals of Texas. Eastland.
June 5, 1931.

For former opinion, see 39 S.W.(2d) 153.

R. V. Armstrong and F. L. Henderson, both of Bryan, for appellants.

Scarborough, Ely & King, of Abilene, for appellees.

PER CURIAM.

The motion for rehearing is overruled, but the majority do not concur in all of the reasons assigned for overruling the motion in the opinion by Associate Justice Funderburk. The statement of facts has been read and reread by us, individually and collectively, and we all agree that there is no evidence that Weigel was the agent of appellants in making the drilling contract. Appellees testified to statements made by Weigel, to the effect that

### REALTY TRUST CO. v. GABERT et al.
### No. 1074.

Court of Civil Appeals of Texas. Waco.
June 18, 1931.

