## INDIANA TRUCKS, Inc., v. PEDERSON.
### No. 2696.

Court of Civil Appeals of Texas. El Paso.
July 14, 1932.

Saner, Saner & Jack, of Dallas, for appellant.

Underwood, Johnson, Dooley & Simpson, of Amarillo, and Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellee.

PELPHREY, C. J.

Appellant, as plaintiff, filed this suit against appellee, as defendant, in the district court of Dallas county, Tex. In its first amended petition, filed on July 17, 1931, it alleged the execution by appellee of certain promissory notes, that they were secured by a chattel mortgage lien executed by appellee on two trucks situated in Dallas county, Tex., and that the condition of said chattel mortgage had not been performed through default by appellee in the payment of the notes at maturity. It prayed for judgment for its debt, for appointment of a receiver to take charge of the trucks, and for foreclosure of its chattel mortgage lien thereon. A receiver was appointed by the court, and on July 23, 1931, appellee filed his plea of privilege to be sued in Potter county, the county of his residence. On July 27, 1931, appellant filed its controverting affidavit to said plea of privilege, incorporating therein by reference its first amended petition, setting up the execution of the notes and chattel mortgage by appellee, the nonpayment of said notes, that appellant was praying for foreclosure of its chattel mortgage lien, that the property included in the chattel mortgage was situated in Dallas county, Tex., and that venue lay in that county by virtue of subdivision 12 of article 1995, R. S. Upon hearing on the plea of privilege, the court sustained appellee's plea and ordered the cause transferred to Potter county. From that action this appeal has been perfected.

Appellant presents three propositions in its brief, while appellee's brief contains four counter propositions. We have concluded, however, that the sole question for determination in this appeal is: Is it necessary, under subdivision 12 of the venue statute, for a plaintiff to allege and prove that he has a lien on the property in addition to showing that his action is to foreclose a lien on the property and that the property is located in the county of suit? Subdivision 12 reads: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

It appears to be well settled that the above exception applies to suits to foreclose liens upon personal property. Barcus v. J. I. Case Threshing Machine Company (Tex. Civ. App.) 197 S. W. 478; Gohlman, Lester & Co. v. Griffith (Tex. Com. App.) 245 S. W. 233.

Appellant, in its very able brief, attempts to distinguish between the different sections of the venue statute as to the quantum of proof required, and insists that the same rule applied by the courts to exceptions 13 and 14 should also apply to subdivision 12.

Appellee, on the other hand, insists that there is a material difference in the wording of those exceptions and the one here involved, and argues that the expression "subject to such lien" makes the question of whether the property was subject to the lien alleged pertinent to the decision of the question of venue.

Subdivision 13 provides that suits for partition of land or other property may be brought in the county where the land or other property may be, while exception 14 provides that suits to recover lands to remove incumbrances upon the title to land, to quiet the title to land, or to prevent waste on lands, must be brought in the county in which the land, or part thereof, may lie.

Under these provisions our courts have consistently held that all that was required of plaintiff in order to sustain the venue was to show that this suit was of the character mentioned in the exceptions and that the property was located in the county where suit was

brought. Under subdivision 7, which provides that in cases of fraud and defalcation of public officers, suit may be brought where such fraud or defalcation occurred, and under exception 9, which provides that suits based upon crime, fraud, or trespass may be brought in the county where committed, our courts have held that it was not only necessary to show that the character of the action was that specified in the exceptions, but that plaintiff must go farther and show, prima facie, that the acts occurred in the county of suit.

In the case of Van Horn Trading Co. v. Day et al., 148 S. W. 1129, the San Antonio Court of Civil Appeals held that the filing of an account by a day laborer, not within the 30 days provided by law, and for items not covered by the mechanic's lien statutes, fixed no lien on the property, and therefore conferred no authority either on him or his assignee to sue defendant in the county where the property was situated.

In Witting v. Towns (Tex. Civ. App.) 265 S. W. 410, 411, the district court of Caldwell county overruled defendant's plea of privilege to be sued in Gonzales, the county of his residence, and he appealed. The Austin Court of Civil Appeals, in passing upon the correctness of such action, had the following to say: "It is manifest from the controverting plea of plaintiff above set out that he predicated venue on two grounds: First, the sale to defendant, appellant here, of real estate situated in Caldwell county, Tex., his failure to pay for it and the foreclosure of an equitable lien on the land for the unpaid purchase money; and, second, for fraud upon him by appellant in connection with the check for $1,700. Does the proof, set out in full above, sustain these allegations? We think not. Witting received no conveyance of any kind. The sale, therefore, must have been by parol. The sale of minerals and mineral rights in land is a sale of an interest in land. [Here follows citation of authorities.] Appellant's plea of privilege denied every ground of venue asserted by appellee, and it was incumbent upon him to prove facts bringing his case within the exceptions claimed. * * * The question here is, Did the plaintiff discharge the burden placed upon him to bring his case within one of the exceptions to the venue statute? Proof of a parol sale of lands, or an interest therein, in the absence of facts relieving such sale from the operation of the statute of frauds, fails to discharge that burden."

The plaintiff in that case, in his controverting affidavit, alleged a sale of the land to defendant, that he had a valid, legal, and equitable lien upon the land for the amount sued for, and that his suit was brought for the purpose of foreclosing that lien.

While those decisions do not pass specifically upon the question here presented, yet in them both the courts, in effect, held that, the proof not showing the existence of a lien on the property, the venue could not be held in the county where the property was situated.

■ We agree with the contention of appellee and the holdings above that appellant here before it was entitled to hold the venue in Dallas county would have the burden of showing, prima facie, that the trucks were subject to the lien it was seeking to have foreclosed.

■ If we are correct in that holding, then the remaining question is: Do the facts here show prima facie the existence of a lien on the trucks?

The mortgage contains this clause: "Upon default in payment, or upon breach of any covenant or condition herein made by mortgagor, or if the mortgagee or assigns shall deem the security for the payment of said notes intended to be afforded hereby insufficient or unsafe, the mortgagor shall, on demand by the mortgagee or assigns, forthwith deliver the chattel in as good condition as when received by the mortgagor, ordinary wear and tear excepted. And should the mortgagor fail or refuse upon such demand, to deliver the chattel as aforesaid, the mortgagor agrees that the mortgagee or assigns shall have the right, without any further notice or demand, forthwith to take possession of the chattel wherever found, and for such purpose licenses and authorizes the entry of any premises of the mortgagor with or without force or process of law, and the chattel may be sold at public or private sale at any time thereafter, with or without notice to the mortgagor unless otherwise provided by law, and the mortgagee or assigns shall have the right to become the purchaser of said chattel at any sale thereof, and if upon such sale, the proceeds thereof are insufficient to pay the sums remaining unpaid with respect to said notes, with interest and the expenses caused by such repossession, etc., any deficiency shall be paid by, and any overplus shall be paid to the mortgagor."

Appellant's manager, as to the repossession of the trucks, testified: "Those notes were given to me in payment of two Indiana trucks sold by me to Mr. Pederson. These trucks are now stored in our place in Dallas. Those notes have never been paid and the mortgage has never been released. Mr. Pederson was complaining that we had sold him old trucks instead of new trucks, and in our conversation I wanted to go up there and put in new rings and work them over, but he declined to do that, and stated that that was what had been done before when they were sold to him, and he told us to come and get them, and I sent two men up there and got them. I told the men to get a bill of sale, and they got a bill of sale. I instructed our attorneys to allow that credit when we filed the suit.

This petition (referrng to the original petition) was filed in accordance with our instructions. * * * I took a bill of sale to these two trucks to enable us to clear title to the trucks; in other words I was exercising my rights under this mortgage. * * * I did allow a credit of $900.00 when I filed the suit originally, and alleged in the suit that the trucks had been surrendered to us, and that we had allowed the reasonable value, which was $900.00. We were not going to extinguish the notes, but were going to allow a credit for what they (the trucks) were worth, and I considered they were worth $900.00, and we just filed our suit for the difference after allowing this credit of $900.00. After we filed that suit I heard something about a plea of privilege. My attorneys told me that the attorneys for defendant in Amarillo were going to file a plea of privilege, and then, for the first time, we filed a suit setting up our lien and asking for a foreclosure of the lien."

Under the above-quoted provision of the mortgage, appellant had a right to take possession of the trucks, and, if they then desired, thereafter at any time sell them.

The facts show that such possession was taken, but the right to make a sale of them was never exercised; therefore there was no waiver of their right to foreclose the lien.

We have concluded that the facts show, prima facie, the existence of a lien on the trucks, and, under the above-quoted exception, the suit was properly brought in Dallas county. It follows that the trial court erred in its order transferring the suit to Potter county.

The order is accordingly set aside, and the cause reversed, with direction to the trial court to overrule appellee's plea of privilege.

WALTHALL, J. (dissenting).

I concur in the majority opinion, except as to the disposition made in the opinion of the defendant's plea of privilege, and as to such plea I am of the opinion that the trial court's order sustaining said plea and transferring the cause to Potter county was the proper order to make, under the record presented here. I am of the opinion that Potter county, where the property was taken possession of, under the terms of the mortgage, would be the county where the property "is situated" under subdivision 12 of Article 1995. True the suit is not for the recovery of the property, under subdivision 10 of the article, but is a suit to foreclose the mortgage lien. The property was found in Potter county and possession of the property was taken in that county, and it seems to me that, under the mortgage itself and under law foreclosing the lien, the taking possession and the subsequent disposition of the property under the terms of the mortgage contemplates one continuous act in the county or place where the property is situated when possession is secured; otherwise possession might be secured under the terms of the mortgage and the property then taken to any county in the state and the foreclosure of the lien there had under the theory that the property is then and there situated.

For reasons stated, I enter my dissent.