## HERBST et al. v. BENAVIDES INDEPENDENT SCHOOL DIST.

### No. 8982.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 1, 1933.

John K. Weber and C. O. Wolfe, both of San Antonio, for appellants.

J. F. Clarkson, of San Diego, for appellee.

MURRAY, Justice.

This is a suit for taxes and to foreclose a tax lien on real estate alleged to be located within the Benavides independent school district in Duval county, Tex. The appellant Albert Herbst filed, in statutory form, his plea of privilege. The county attorney, on behalf of the state, in due time filed a controverting affidavit, and stated, as the facts supporting venue in Duval county, "that this is a suit for the foreclosure of a tax lien and it may be brought in the County of Duval, where the property or any part hereof subject to such lien is situated and such property is situated in the County of Duval and State of Texas."

The defendant Herbst excepted generally and specially to said controverting affidavit. Appellant contends that said controverting affidavit does not meet the requirements of article 2007, R. S. 1925, which provides that a controverting affidavit shall set out specifically the fact or facts relied upon to con-

fer venue of such cause on the court where the case is pending. And appellant insists that his special exceptions should not have been overruled.

Article 7326, R. S. 1925, provides, among other things, a tax suit for foreclosure on real estate shall be filed in the name of the state of Texas, in the district court of the county where such real estate is situated. We take it that this statute fixes the venue of tax suits independent of the general venue statute as found in article 1995. So it would seem that to properly controvert a plea of privilege in a tax suit it is necessary to allege sufficient facts to show that the nature of the suit is a tax suit asking for a foreclosure of a tax lien on land and that the land is situated in the county where the suit is pending. The nature of the suit could be shown by the controverting affidavit referring to the petition and making the petition a part of the affidavit. The description of the land and the location of it could also be shown by a reference in the affidavit to the petition. Indiana Trucks, Inc., v. Pederson (Tex. Civ. App.) 52 S.W.(2d) 352.

In the controverting affidavit in this case no reference was made to the petition, no real estate was mentioned or described, and we feel that the exceptions were well taken and should not have been overruled by the trial court. If the controverting affidavit should be held to be sufficient, which we do not hold, the proof is not sufficient to show that the land was located in Duval county. The only testimony having any bearing on this subject is by the witness J. A. Heras, to wit:

"Q. The land mentioned herein is in Duval County, Texas? A. Yes, sir.

"Q. And in the Benavides Independent School District of Duval County, Texas? A. Yes, sir."

This testimony does not describe the land nor indicate where it is mentioned.

We feel that both allegation and proof are lacking in this case.

It might be contended that a tax suit is similar to a suit by the Attorney General to recover land under the provisions of article 5420, R. S. 1925. Under that article, the character of the action determines venue, and, as was said in the case of Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, quoting from syllabus: "On questions of venue, character of an action is determinable solely by pleading contained in petition, and is question of law to be determined by court, and not question of fact to be determined by testimony, aside from allegations in petition."

Under article 5420, R. S., suits to recover land for the state are to be brought

in Travis county, and thus it is seen that the nature of the suit fixes venue. The situation is different in a tax suit, not only the nature of the cause of action, but also the question of fact as to the location of the identical land on which a foreclosure is sought determines venue. This brings a tax suit under the general provisions of article 2007, R. S. 1925, and this article must be complied with in a tax suit where a controverting affidavit to a plea of privilege is filed.

The requirements of a controverting affidavit to a plea of privilege and the necessary proof to be made thereunder are very fully discussed by Justice Smith in the case of Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, in which many authorities are cited and discussed.

The judgment is reversed, and the cause remanded.