## BROWN v. ROBERTSON et al.

### No. 3598.

Court of Civil Appeals of Texas. El Paso.

Feb. 10, 1938.

Sam J. Dotson, of Longview, for appellant.

W. Clyde Hull, of Pittsburg, for appellees.

NEALON, Chief Justice.

This is an appeal from the judgment of the district court of Camp county overruling appellant's plea of privilege to be sued in Gregg county. Appellee Jess Robertson sued appellant J. S. Brown in the district court of Camp county, alleging that Brown, on or about February 25, 1935, entered into an agreement by which Brown was to furnish a drilling rig and to secure contracts for drilling operations; that appellee was to operate the rig in drilling oil wells; and that he and appellant were to share the profits, it being alleged, "no specific amount of said profits being agreed upon other than it was agreed and the defendant J. S. Brown assured and guaranteed this plaintiff (appellee) that plaintiff would make under such agreement more money than he had been making theretofore. And plaintiff had formerly been making ten ($10) dollars per day for 8 hours of labor." Plaintiff alleged that he performed labor under the agreement from March 10, 1935, until December 10, 1935, and was entitled to receive the total sum of $4,725, but that defendant Brown paid him only $1,260, leaving $3,465, unpaid and owing to plaintiff; that other defendants were the owners of oil and gas leases in Upshur county and Camp county, upon which oil wells were drilled by plaintiff and defendant under said contract, the other defendants having contracted with Brown to have said wells drilled; that defendants E. J. Moran and Ray Hubbard owned an oil and gas lease in Camp county upon which a well was drilled; that within the time prescribed by law plaintiff filed an artisan's or subcontractor's lien upon the leases of Moran and Hubbard, and prayed for judgment for his debt against the defendant Brown and foreclosure of his alleged lien against said leaseholds.

Brown (appellant) timely filed his plea of privilege to be sued in Gregg county, al-

leging that to be the county of his domicile. Said plea negatived all exceptions to exclusive venue in the county of one's residence. Plaintiff filed his controverting plea in which he alleged that from October 21, 1935, to November 23, 1935, he performed labor and services upon a lease in Camp county owned by E. J. Moran and Ray Hubbard, and that the labor was performed in pursuance of his contract with defendant Brown; that he had given the statutory notice to Moran and Hubbard of his intention to file the lien and had, on the 20th day of January, 1935 (sic), filed his lien with the county clerk of Camp county, Tex.

The issues thus raised were tried without the aid of a jury. Robertson's testimony as to his alleged contract with Brown was in harmony with his allegations. He sought to prove by parol testimony that Messrs. Moran and Hubbard owned the leasehold upon which he worked, over the objection of defendant that the evidence of ownership would necessarily be in writing and the writing would be the best evidence.

Plaintiff introduced no evidence describing the land upon which he worked in Camp county. Nor did he in any manner show that it was within the description contained in his pleading, nor that he had given the notice or filed the affidavit necessary in order to perfect his lien under article 5476, R.C.S.

Plaintiff dismissed his suit as against all defendants except J. S. Brown and Messrs. Moran and Hubbard. After hearing the evidence the court overruled the plea of privilege and sustained the controverting plea. From this judgment defendant prosecuted this appeal.

### Opinion.

The filing of the plea of privilege made it necessary for plaintiff not only to file his controverting plea, but to sustain the allegations thereof. This he failed to do. He did not produce any evidence that J. S. Brown did not reside in Gregg county as he alleged. He attempted to compel Brown to go to trial in Camp county upon the theory that the case was controlled by subdivisions 12 and 29a of article 1995 of Vernon's Ann.Civ.St. To be successful in this endeavor it was necessary for him to prove the venue facts by competent testimony. A necessary element of his proof was that he had a valid lien against a leasehold interest of Messrs. Moran and Hubbard located in Camp county. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823. He produced no evidence that he had taken any of the steps necessary to fix such a lien, if he were entitled to one.

Judgment is reversed and the cause is remanded.