## RUWALDT v. MOHAWK DRILLING CO.
### No. 2548.

Court of Civil Appeals of Texas. Eastland.

June 21, 1946.

Geo. T. Wilson, of San Angelo, for appellant.

Dibrell, South & Snodgrass, of Coleman, for appellee.

GRISSOM, Chief Justice.

Mohawk Drilling Company sued E. J. Ruwaldt, a resident of Tom Green County, in Coleman County for debt and foreclosure of an asserted original contractor's materialman's and laborer's lien on an oil and gas lease owned by Ruwaldt in Coleman County, and for damage for loss of profits that (it alleged) it would have made if Mohawk had been permitted to complete drilling a well according to its alleged contract with Ruwaldt. Ruwaldt filed a plea of privilege asserting a right to be sued in Tom Green County. Mohawk filed a controverting affidavit, claiming venue in Coleman County under exception 12, Art. 1995. The Court overruled defendant's plea of privilege, and he has appealed.

Ruwaldt questions the right of Mohawk to maintain the suit in Coleman County because Mohawk has no lien on Ruwaldt's lease in Coleman County for the following reasons: (a) Mohawk's suit is for damages for breach of a contract and not for debt, and (b) Mohawk's affidavit was not filed within the time required by statute to fix a lien on the lease.

In answer to these contentions Mohawk insists that the trial court found from the evidence that (1) Ruwaldt is indebted to Mohawk on a contract with Mohawk to drill a second well on Ruwaldt's lease; (2) that Mohawk fixed its lien upon Ruwaldt's lease in Coleman County by timely filing an affidavit; (3) that Mohawk's rig was not released, or authorized to be moved from the location of well No. 2, until June 13, 1945, less than four months from the date the affidavit to fix the lien was filed, to-wit, October 5, 1945.

Exception 12, Art. 1995, provides that a suit for the foreclosure of a lien may be brought in the county where the property "subject to such lien" is situated. This

court has held that before a plaintiff can maintain a suit to foreclose a lien in a county other than that of the defendant's residence, where a plea of privilege is filed, he must allege and prove, as a venue fact, that he has a valid lien on property situated in the county where the suit is filed. Ramey v. Cage, Tex.Civ.App., 90 S. W.2d 626, 630; Sims v. Callihan, Tex.Civ. App., 40 S.W.2d 869; Id., Tex.Civ.App., 39 S.W.2d 153. We recognize the fact that there are decisions to the contrary. George v. Northwest Engineering Co., Tex.Civ. App., 156 S.W.2d 576, 578; Kerin v. Jones, Tex.Civ.App., 185 S.W.2d 448; Smith v. Mitchell, Tex.Civ.App., 161 S.W.2d 591. But, see Brown v. Robertson, Tex.Civ.App., 114 S.W.2d 278; Indiana Trucks, Inc. v. Pederson, Tex.Civ.App., 52 S.W.2d 352.

■ It is apparent that defendant did not in the written contract for drilling the first well, which, according to Mohawk, was adopted as the contract for drilling the second well, agree to pay for many of the items sued for, and, therefore, Ruwaldt is not indebted to Mohawk therefor and Mohawk has no lien to secure payment of such items. However, the pleading and proof are sufficient to sustain the presumed finding of the trial court of the existence of a debt owing by Ruwaldt to Mohawk for shut-down time, requested by Ruwaldt, from June 3 to June 13, 1945. If, as plaintiff's testimony tends to show, and as we must presume the trial court found, Ruwaldt contracted with Mohawk to drill a well at his second location in accordance with the terms of a written contract between the parties applicable to well No. 1, which by verbal agreement was made applicable to the second well, and after Mohawk had commenced drilling its second well, Ruwaldt requested Mohawk to shut down until he could determine whether well No. 1 was a producer and the well was, at Ruwaldt's request shut down from June 3 until June 13, 1945, when the contract was terminated by Ruwaldt, the debt for shutdown time then became due and the cause of action therefor accrued on June 13, 1945. Mohawk filed its affidavit fixing its lien on October 5, 1945, within four months after the accrual of the indebtedness on June 13th. Articles 5452, 5453, 5455, 5473 and 5476; McClellan v. Haley, Tex.Com.App., 250 S.W. 413. Since the evidence, in our judgment, is sufficient to justify a finding of a debt due for shutdown time and a valid lien against Ruwaldt's lease in Coleman County, the trial court did not err in overruling Ruwaldt's plea of privilege to be sued in Tom Green County. The suit is maintainable in Coleman County under Exception 12, Art. 1995. It is unnecessary for us to determine whether or not plaintiff has established, or could establish, a debt and lien for the $4.50 Ruwaldt agreed to pay for each foot drilled, or for $300 for each "24 hour day", or $12.50 an hour "for all day work performed * * * when the drilled pipe" was used, under the provisions of the written contract for drilling well No.1. The judgment of the trial court is affirmed.