BETHLEHEM SUPPLY CORPORATION ET AL V. WOTOLA ROYALTY CORPORATION ET AL.

No. 7901. Decided October 28, 1942.
(165 S. W., 2d Series, 443.)

*Riley Strickland,* of Amarillo, *L. M. Fischer,* of Corpus Christi, for plaintiff in error Bethlehem Supply Corporation.

The Wotola Royalty Corporation, as lessor, having required James Cloud, lessee, to drill two wells for oil and gas, the drilling of which was beneficial to their reversionary interest, and the applicants having furnished material and supplies to lessee's assignee during the course of the drilling of the first well, which was a commercial producer, the liens fixed by the applicants securing the purchase price of the material are a price charged against the oil and gas lease and are superior to the reversionary right of the lessor, and if the leasehold estate reverted to lessors upon lessee's failure to drill the second well, it did so charged and burdened with the liens of appellees. General Motors Acceptance Corp. v. State, 12 S. W. (2d) 968; Allen Estate and Assn. v. Boeke & Son, 254 S. W. 858; First Natl. Bank of Breckenridge v. Bridgeport, 67 S. W. (2d) 606.

*John Davenport,* of Wichita Falls, for defendant in error, Wotola Royalty Corporation.

It was error for the Court of Civil Appeals to have reformed the judgment of the lower court. It should have reversed and rendered, because when those supplying materials for the drilling of the wells furnished same, they knew that the Wotola Royalty Corporation and others had a reversionary interest in everything that went on the lease, provided the drilling contract was not complied with, therefore they sold with notice and it is now too late to complain. Moore v. Houston Oil Co., 259 S. W. 168; Hammond v. Martin, 40 S. W. 347; Denny v. White House Lbr. Co., 54 S. W. (2d) 86.

MR. JUSTICE CRITZ delivered the opinion of the Court.

On January 7, 1935, Wotola Royalty Corporation and six other parties, who were the owners of the mineral estate in the east one-half of the west one-half of the northeast one-fourth of Section 45, Block 24, H. & G. N. Ry. Co. Survey in Wheeler County, Texas, entered into a written lease and drilling contract with one James G. Cloud. By the terms of this instrument the above-described land was leased to Cloud "for the sole and only purpose of mining and drilling for oil and gas, and of laying pipe lines and of building tanks, power stations, and structures thereon to produce, save and take care of said products."

By the further terms of the above lease the lessee covenanted "to begin the drilling of a well for oil and/or gas within thirty days from the date of this agreement and prosecute the same with due diligence to the producing oil horizon in this district, which is approximately 2,400 feet, and complete the same as a producing well as rapidly as possible, and within thirty days after the completion of said well to begin the drilling of a second well, drilling of said second well to be prosecuted to completion with due diligence as in the case of the first well, * * *."

The above lease contract contained the following reversionary provision:

"It is agreed that this lease shall remain in force as long as oil and gas, or either of them, is produced from said land by the lessee, except that in the event of failure to fully comply with the drilling obligation of lessee, said lease is to revert in its entirety to lessors, including any and all completed or semi-completed well or wells and materials, including casing, tubing, pumping equipment, tanks, pipe lines, derricks and any other materials located on the said premises."

It appears that the above lease contract was duly recorded in the Deed Records of Wheeler County, Texas. It was on record when all the transactions here involved occurred.

James G. Cloud, the lessee in the above lease contract, organized a corporation under the corporate name of "Triplex Oil Company." The lease contract was transferred by Cloud to such company. Triplex Company drilled an oil well on the leased premises, which produced oil and gas in paying quantities.

We assume that this well was drilled in conformity with the lease contract. The second well provided for by the lease contract was never drilled; in fact, it was never even commenced.

In drilling the first well Triplex Oil Company incurred various obligations to various parties, for labor, material, and supplies furnished to it in the course of drilling the first well on the leased premises. The holders of such claims fixed liens under Article 5473, Vernon's Texas Civil Statutes. Some of these parties had contract mortgage liens.

After the happening of the above events, Wotala Royalty Corporation and the other lessors in the above lease contract, and their successors, filed this suit in the District Court of Wheeler County, Texas, against Triplex Oil Company and Cloud and wife, to cancel the above oil and gas lease under the terms of the reversion clause above quoted. Also, the plaintiffs just named sought to recover, on such reversion clause, all personal property, materials, casings, tubes, pumping equipment, tanks, pipe lines, derricks, and any and all other materials located on such leased premises and placed thereon by the above-named defendants.

Many parties intervened in the district court, and others were impleaded. Such parties claimed liens and mortgages upon certain materials and properties on the above leased premises. Some of such parties also claimed liens under Article 5473, supra, against the leased premises. It was claimed that such liens were superior to the reverter right of the lessors. The trial court rendered judgment in favor of the above-named plaintiffs, cancelling the lease contract, but subordinated the rights or titles of the lessors to a foreclosure of all liens, both contractual and statutory, of the parties who had furnished labor materials, etc., used in drilling the first well.

The plaintiffs in the district court, who were lessors in the above lease contract, appealed to the Court of Civil Appeals at Amarillo. On final hearing the Court of Civil Appeals reversed and rendered the judgment of the district court, wherein it foreclosed the above-mentioned liens on the leased premises after reverter. The Court of Civil Appeals reformed the judgment of the district court, in so far as it permitted a foreclosure of such liens on the leasehold estate, by allowing a foreclosure only upon the property which had not become a part

of the realty,—that is, the property which still retained its identity as personal property. For further statement of the facts and issues of this case we refer to the very full and able opinion of the Court of Civil Appeals. 152 S. W. (2d) 480.

Wotola Royalty Corporation et al, lessors in the above lease contract, have prosecuted writ of error to this Court. Bethlehem Supply Corporation, Bethlehem-International Supply Company, and Bovaird Supply Company have also prosecuted writ of error to this Court. Both writs were granted. The writ applied for by Bethlehem Supply Corporation et al was first granted. The writ applied for by Wotola Royalty Corporation et al was then granted because of the granting of the writ to Bethlehem Supply Corporation et al.

The Wotola Royalty Corporation et al complain of the action of the Court of Civil Appeals in refusing them recovery of certain personal property which had not become a part of the realty or leasehold estate. We think the opinion of the Court of Civil Appeals correctly disposes of the matters complained of by Wotola Royalty Corporation et al, and for correct reasons given. No good purpose would be served by our discussing such matters further.

As shown by the opinion of the Court of Civil Appeals, numerous parties intervened in this suit in the district court, and other parties were impleaded. All of such parties were claiming liens on the above leasehold estate, superior to the reverter titles or interests of Wotola Royalty Corporation et al. Some of these liens were chattel mortgages, while others were for labor and materials furnished to Triplex Oil Company, and used by it in drilling the first and only well drilled on the leased premises. While, as above shown, numerous parties asserted liens in the district court and Court of Civil Appeals, only three of such parties have prosecuted writ of error to this Court. These are Bethlehem Supply Corporation, Bethlehem-International Supply Company, and Bovaird Supply Company. For convenience we will hereinafter refer to the three parties last named as Bethlehem et al. As we understand this record, Bethlehem et al do not claim any chattel mortgages or reservations of title on any of the personal or real properties here involved. They merely claim to have fixed liens, under Article 5473 and related statutes, on the real and personal property here involved.

■ By various assignments or points of error Bethlehem et al contend that the Court of Civil Appeals erred in holding that their respective materialmen's liens, fixed by them on the lease-hold estate of Triplex Oil Company under Article 5473, did not attach to and follow the mineral estate in this land owned by Wotola Royalty Corporation et al after the leasehold estate had reverted to them as the owners of the mineral estate, under the reverted clause in the lease contract. We think that it is the settled law of this State that the lien accorded by Article 5473 extends only to the property of the person under whose auspices the labor or material is furnished; it does not author-ize the fixing of liens upon the property of third persons. Thus, if labor, supplies, machinery, or materials are furnished to a lease-holder, the lien accorded by Article 5473 does not attach to the underlying fee title to the land. 31 Tex. Jur., pp. 109, 110, and 111, and authorities there cited. See also authorities cited in the opinion of the Court of Civil Appeals.

■ Bethlehem et al contend that the rule of law above an-nounced does not apply to them in this case, because of the provision in the lease contract requiring the lessee to drill two wells on the leased premises. In this connection, Bethle-hem et al contend that since the lease contract, by express terms, required the lessee to drill two wells on the leased premises, it must be presumed that such requirement was made with full knowledge of and reference to the provisions of Article 5473, giving materialmen liens on the "leasehold or lands * * for which said material * * * were furnished, * *," and therefore such provision in the lease contract authorized the creation of the lien asserted by Bethlehem et al against the underlying mineral estate owned by Wotola Royalty Cor-poration et al after the lease had reverted to them under the reverter clause therein contained. In support of this contention such authorities as Oriental Hotel Co. v. Griffiths, 88 Texas 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790, and Gugenheim v. Dallas Plumbing Co., 42 S. W. (2d) 268, are cited. We think a reading of these authorities will demonstrate that neither of them can aid Bethlehem et al here. We will not attempt any extended analysis of these opinions. Generally speaking, they deal with the question of priority of liens on real property, where the holder of a first lien makes a contract with the owner, by the terms of which the owner binds himself to erect improvements, and liens are created in carrying out such contract. Here we have an oil and gas lease, which in

effect provides that the lessee shall drill two wells on the leased premises, within the time and to the depth stipulated in the lease contract. The lease then provides for a reverter of the lease in case the lessee violates this drilling requirement. This lease contract was of record in Wheeler County. All persons dealing with the land covered thereby were therefore charged with notice of its contents. Certainly such a lease did not authorize the lessee to create a lien on the leased premises, which would rest thereon after such premises had reverted to the owner. To so hold would be to say that a lessee can create a lien on the underlying fee title to land. We think that to say that the terms of this contract authorize the creation of the liens here claimed by Bethlehem et al would be equivalent to saying that an ordinary oil and gas lease which provides for development by the lessee will authorize such lessee to create liens against the underlying fee title to the land. No such rule of law has ever been announced in this State, and manifestly such an announcement would bring on very grave complications in our mineral industries.

We have read and carefully considered all the assignments or points contained in the application of Bethlehem Supply Corporation et al, and in our opinion all of them have been correctly disposed of by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 28, 1942.