AMMANN et al. v. DANIEL OIL CO.

No. 9792.

Court of Civil Appeals of Texas. Austin.

April 20, 1949.

Rehearing Denied May 4, 1949.

Boyle, Wheeler, Gresham & Davis, of San Antonio (J. D. Wheeler and Richard T. Davis, both of San Antonio, of counsel), for appellants.

Williford & Williford, of Fairfield, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order overruling the three separate pleas of privilege of the defendants Jack Ammann, I. A. McNab and S. H. Fagadau, defendants Jack Ammann and I. A. McNab claiming the right to be sued in Bexar County, Texas, and S. H. Fagadau advising the court in his plea of privilege that it was satisfactory to him that the case be removed either to Bexar County, Texas, or to the county of his residence, being Wichita County, Texas.

The plaintiff, Daniel Oil Company, filed three controverting pleas, one addressed to each of the pleas of privilege of the three defendants; said controverting pleas as to each defendant being substantially the same in form.

The hearing on said controverting pleas was had before the Court without a jury, and on December 13, 1948, the Court overruled each and all of the three pleas of privilege, to which action and ruling of the court defendants and each of them duly excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District. Within less than 20 days after such ruling by the trial court all three of the defendants executed their appeal bond and filed the transcript and statement of facts in this court; said transcript and statement of facts being filed in this court on the 29 day of December, 1948.

As grounds for its controverting pleas plaintiff urged the following subdivisions of art. 1995 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 1995: Subdivision 5, Contract in writing; Subdivision 9, Crime or Trespass; Subdivision 12, Lien; Subdivision 29a, Two or more Defendants.

Upon request the trial court filed findings of fact and conclusions of law and held, (1) that the defendants Ammann, McNab and Fagadau converted to their own use and benefit in Milam County six 30' joints of tubing loaned to them by plaintiff, and this act of said defendants constituted a trespass in Milam County under Section 9 of art. 1995; (2) that as a matter of law plaintiff had a lien on the property located on the 300-acre tract in Milam County for labor and services performed and material furnished under contract, and that this being a suit to foreclose a lien on property located in Milam County, Texas, venue is properly maintainable in Milam County under Section 12 of art. 1995.

Since appellee filed no brief and did not avail itself of oral argument, we may assume as true all facts stated by appellants in their brief and render judgment in conformity therewith. Texas Rules of Civil Procedure, Rule 419.

Jack Ammann, on direct examination by plaintiff's counsel, testified as to tubing used in the well (not the tubing here in controversy) and that such tubing was approximately 4,100 feet, and that it had been moved back to San Antonio. He further testified that the defendants brought upon the land on which the well was drilled, not counting any tubing that was borrowed from any one, approximately 4,100 feet and that defendants did not take back to San Antonio any more tubing than they brought on the lease. He further testified as to the six joints of tubing in controversy, that he had never removed said six joints of casing from the location in Milam County; that he had never authorized any one to move same from that location; that he had never, either personally or through some other person that he authorized, converted the six joints of tubing to his own use and benefit or to the benefit of himself

and his associates. That no one to his knowledge or by his authority had ever moved the six joints of tubing from the location.

I. A. McNab, one of the defendants, testified that a truck made one trip for the tubing and one trip for casing; that when they brought back the casing they did not bring any tubing back with the casing; that as to the six joints of tubing in controversy that he did not personally ever take the six joints of tubing or any part of it off the location; that he did not ever authorize any one to take the six joints of tubing or any of it off the location; that he did not ever authorize any one to take that tubing or any part of it out of Milam County and that he did not have the six joints of tubing or any part of it in his possession or in the possession of his associates.

Paul J. Moore testified that he was a petroleum and consultant engineer and as to the six joints of tubing borrowed from the Daniel Oil Company he testified that as drilling operations continued they would be deficient of tubing and he requested Daniel Oil Company to procure tubing for them and at his request Daniel Oil Company brought up the extra joints of tubing and put them on location. That during subsequent operations they employed five of the joints of tubing and the sixth remained on the ground due to its being bent up; he said he had it moved over due to its being bent up by the Daniel Oil Company's truck running over it; he said he had it moved to one side; that he recalled when the tubing from the well was transported to San Antonio that he was present and that the truck driver was John Bashan; that at that time as to the five joints of tubing borrowed from Daniel Oil Company, his instructions were to set the five joints aside so that it would not be taken away along with other items that did not belong to the defendants; that there were over with the five joints of tubing other joints which were discarded that had been thrown out, which were not serviceable and not repairable; that the latter joints belonged to his client, Mr. Ammann; that the five joints of tubing and the discarded joints of tubing were

stacked in one pile, five joints in one group and next the discards; that he was present when the tubing was loaded to be transported to San Antonio; that the five joints of tubing that belonged to Daniel Oil Company were not loaded and were not taken to San Antonio; that all of the tubing that belonged to Mr. Ammann and his associates, except the defective joints that were laid aside, were loaded in his presence; that when the truck left going to San Antonio and carrying the tubing belonging to Mr. Ammann and other defendants, the five joints belonging to Daniel Oil Company were left on the 300-acre location along with the six joints that were bent up; that none of the tubing which belonged to the Daniel Oil Company was taken by the truck driver or any one representing the defendants.

On cross-examination by counsel for plaintiff Mr. Moore was asked as to how he identified the tubing as being that of Daniel Oil Company, and he stated that he kept track of the five joints put in the well, the tubing furnished by Daniel Oil Company being 8-thread tubing and that by Ammann being 10-thread; that the tubing left there was the tubing of Daniel Oil Company.

John Bashan testified that he was a truck driver; that he drove his truck for Jas. Price; that Mr. Moore instructed him that there was some tubing that did not go and that there were five joints that they put where the culls were, that by culls he meant junk pipe; that Mr. Moore told him the five joints did not belong to Mr. Moore's people and that he left the five joints and one bent joint; that he did not haul them away; that he came back later to haul away casing and that those were the only two trips he made; that when he came back to haul away the casing he did not take with him the five joints and the bent joint of tubing. When asked whether they were there, he said he did not notice but he stated positively he did not take them.

On cross-examination the witness stated that he did not know whether the tubing which was left was 8 or 10 threads; that he told Mr. Daniel that it was dark and he could not tell what tubing was left there; that he just laid out there what the man said to lay out there, and that he had been working for Jas. Price for about three years.

There is, therefore, no evidence that any of the defendants personally took the tubing.

■ Plaintiff offers no proof whatever to the effect that defendants, or any of them, were the owners of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or owner of any oil or gas pipe line right-of-way in Milam County, Texas. The testimony was undisputed that the defendants had no leasehold interest whatever in the land upon which the well was drilled. Mr. Ammann testified that neither he nor his associates had any character of lease on the land on which the well was drilled. That he had a letter which provided that they would not have any interest whatever in the land unless a 50-barrel well was brought in; that they did not bring in a 50-barrel well nor any other character of well, except a water well. That he did not at the time of the trial claim any interest of any kind or character in the well and that the well was abandoned by them prior to the filing of the suit. Art. 5473, R.C.S., Vernon's Ann.Civ.St. art. 5473; O'Brien v. Greene Production Co., Tex.Civ.App., 151 S.W.2d 900; Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063; Bethlehem Supply Corp. v. Wotola Royalty Corp., 140 Tex. 9, 165 S.W.2d 443.

■ Nothing in the written contract provided for the performance in Milam County by defendants or any of them of any obligation sued on in the suit.

"* * * The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named." Mc-

**184**

Kinney v. Moon, Tex.Civ.App., 173 S.W.2d 217, 218.

The judgment of the trial court overruling appellants' pleas of privilege is reversed and judgment is here rendered transferring the cause to one of the district courts of Bexar County.

Reversed and rendered.