D. L. IRWIN et al., Appellants,

v.

PAR–OIL WELL SERVICING COMPANY, Appellee.

No. 7285.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 31, 1961.

L. F. Burke, Longview, for appellants.

Jones, Brian & Jones, Marshall, Ben F. Edwards, Jr., Clarksville, for appellee.

CHADICK, Chief Justice.

This is a venue case. The order of the trial court overruling the several pleas of privilege involved is affirmed.

The pleadings of the parties reveal that the appellee, Par-Oil Well Servicing Company, a corporation, as plaintiff, filed a suit in the District Court of Red River County, naming the appellants, D. L. Irwin, B. W. Hemphill, Dale Neal, and Josh Moore as defendants. The action was in the form of a suit upon sworn account, and foreclosure of a contractor's lien. The account was for furnishing a drilling rig, at a daily use and standby rental, used in drilling, testing, etc., a well in an exploration for oil on a mineral lease covering the 1,531 acre Calabria tract of land in Red River County. All defendants filed pleas of privilege asserting their residence to be other than Red River County. Controverting the pleas the plaintiff claimed Subd. 12, Art. 1995, Vernon's Ann.Texas St., conferred venue on the court in which the suit was filed.

There is no disagreement as to proof of facts. The appellants were not residents of Red River County. The procedure followed in maturing and fixing a statutory contractor's lien authorized by Art. 5473 et seq., is unchallenged. The disagreement is over attachment of the lien to property belonging to appellants. It is asserted that the statutory lien authorized by Art. 5473 applies only to such of the personal property located on the lease that the contractor furnished. And since it is not alleged or claimed the contractor furnished the casing, tanks, equipment and fixtures belonging to appellants, used in drilling the well, and situated on the lease at the time the lien was filed, the lien did not attach to such property.

The suit filed sought foreclosure of the contractor's lien on the appellants' mineral leasehold estate in the 1,531 acre tract. For the purpose of venue it is not necessary to determine whether or not the lien attached to the personal property. When the procedures of Art. 5473 et seq., are pursued the lien authorized becomes fixed upon the entire lease. Mercantile National Bank at Dallas v. McCullough Tool Co., 152 Tex. 471, 259 S.W.2d 724; Oil Field Salvage Co. v. Simon, 140 Tex. 456, 168 S.W.2d 848. This record shows the contractor, Par-Oil Well Servicing Company, lawfully perfected a lien on the leasehold estate owned by appellants in the 1,531 acre tract. As an exception to the general venue rule, Subd. 12, Art. 1995 permits a suit to foreclose a lien to be tried in the county where the property subject to the lien is situated. The trial court properly overruled the plea of privilege. The suit in Red River County is to foreclose the contractor's lien upon the leasehold estate located in Red River County. See Ruwaldt v. Mohawk Drilling Co., Tex.Civ.App., 195 S.W.2d 855, n. w. h.

In oral argument at submission Wotola Royalty Corporation v. Bethlehem Supply Co., Tex.Civ.App., 152 S.W.2d 480, affirmed 140 Tex. 9, 165 S.W.2d 443, not cited in appellants' brief, was advanced as controlling disposition of this case. The record does not show that the appellants' leasehold estate has reverted to the basis fee, and the cited case is distinguishable on the facts from this under consideration.

Appellants' point on the failure of pleading and proof to show the contract between the parties required accrued indebtedness to be paid at any designated place; the point on the nature of the suit not being for recovery for damage to land; and the point on refusal of the trial judge to file requested finding of fact and conclusions of law have been carefully considered and are respectfully overruled.

The judgment of the trial court is affirmed.