**SOUTHWESTERN INVESTMENT COMPANY, Appellant,**

v.

**Joe Willis GILBREATH et al., Appellees.**

**No. 7365.**

Court of Civil Appeals of Texas.

Amarillo.

May 18, 1964.

Clayton, Martin & Harris, Amarillo, for appellant.

Bruce L. Parker, Pampa, for appellees.

CHAPMAN, Justice.

The subject matter of this suit involves a contest tried to the court by the plaintiff-appellant, Southwestern Investment Company, and defendant-appellee, Calvin Follis for priority of liens on a 1961 four-door Falcon automobile. Appellant's lien was a chattel mortgage lien executed by Joe Gilbreath to Southwestern Investment Company to secure a note in the amount of $1,279.80 executed on November 23, 1962, and made payable to Southwestern Investment Company in consideration of funds advanced by the company to Gilbreath as purchase money for the automobile. Appellees' claim was to an artisan's lien for repairs on the automobile. The repairs were made during the period between November 2, 1962, and November 16, 1962, a week or more before Gilbreath ever acquired title to the machine.

At the request of appellant the court made findings of fact and conclusions of law. In such fact findings the court found that Joe Willis Gilbreath came to Follis' place of business on November 2, 1962, and requested him to repair a Falcon automobile and agreed to pay Follis for his labor and materials used in repairing it. There is no finding whatsoever that the owner, Keith Pate, ever requested Follis to do any work on the Falcon or authorized Gilbreath to do so. There are no objections shown in the record to the court's findings and there is no probative evidence that Pate ever authorized the repairs or acquiesced in them during the time title to the Falcon was in his name.

The work on the automobile giving rise to the claim of an artisan's lien not having been authorized by the owner was therefore not a valid lien. Bledsoe v. Colbert, Tex.Civ.App., 120 S.W.2d 909 (N.W. H.); Kelly v. Heimer, Tex.Civ.App., 312 S.W.2d 430 (N.R.E.); Bethlehem Supply Corporation v. Wotola Royalty Corporation, 140 Tex. 9, 165 S.W.2d 443.

In Bledsoe v. Colbert just cited the court held:

"Whether the lien be created by statute, or directly by the constitution, ownership of the property and a contract binding upon the owner are indispensable."

In Kelly v. Heimer, supra, the court held that where the contract for labor, materials or construction is not made with the owner or his duly authorized agent, a lien may not be fixed on his property.

In Bethlehem Supply Corporation v. Wotola Royalty Corporation, supra, the Supreme Court held that a materialman's lien extends on˙˙ to the property of the person under whose auspices the labor or material is furnished.

The trial court found in its conclusions in the instant case that Southwestern Investment Company was put on notice that Calvin Follis had an artisan's lien. If, from the record he did not have a

lien, the company could not, a fortiori, have been put on notice that he had a lien.

It may be that upon another trial appellee might be able to show an artisan's lien was authorized by the person having title to the automobile at the time the work and materials were furnished and that the loan company had notice thereof. Therefore, the case is reversed and remanded for a new trial.