Opinion filed February 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00143-CV 

                                                    __________

 

                       DAVID JONES AND CONNIE JONES, Appellants

 

                                                             V.

 

                                        DAVID
BOSWELL, Appellee

 



 

                                         On
Appeal from the 220th District Court

 

                                                      Comanche
County, Texas

 

                                        Trial
Court Cause No. 04-01-00404 CCCV

 



 

                                                                   O
P I N I O N

 

This
is a suit alleging trespass to chattel.  David Jones and Connie Jones sued
David Boswell claiming that he wrongfully deprived them of possession of their
Caterpillar bulldozer.  The jury found that Boswell did not commit a trespass,
and the trial court entered a take-nothing judgment.  Because Boswell did not
have a valid possessory lien, we reverse.

                                                              I.
Background Facts








Chris
and James Lloyd contracted with Boswell to purchase sand.  The Lloyds needed a
bulldozer to pile the sand, and they called Morris Jones.  Morris worked as a
dozer operator for David and Connie.  Morris was committed elsewhere, and so
without the Joneses=
knowledge, he rented their dozer to Chris who then hired James W. Francis. 
While Francis was operating the dozer, the ground beneath him gave way, and the
dozer went into a cattle tank.

Chris
called Morris, told him what had happened to the dozer, and said that he would
take care of fixing it.  Chris then asked Boswell B who had previously owned a repair shop B to repair the dozer. 
Chris also asked Boswell to find someone who could pull the dozer out of the
tank.  Boswell found a wrecker service willing to retrieve the dozer, and Chris
authorized him to retain them.  The dozer was pulled out of the tank, and
Boswell repaired it.  Chris provided the parts Boswell needed, but he did not
pay Boswell for his services or reimburse him for the wrecker charges.

 After
the dozer fell into the tank, David and Connie learned that Morris had rented
it.  Connie contacted Boswell.  There was some dispute about the substance of
their conversation, but both agreed that she did not authorize any repair work
or wrecker charges and that Boswell refused to release the dozer until the
Joneses paid his bill.  Boswell also refused to release the dozer when he was
subsequently contacted by the sheriff=s
office.  The trial court ultimately entered a temporary restraining order that
required Boswell to release the dozer to the sheriff=s office for delivery to the Joneses.

During
the charge conference, the trial court ruled that, as a matter of law, Chris
was not acting as the Joneses=
agent when he authorized Boswell to tow and repair the dozer.  The jury found
that Boswell did not commit a trespass to the Joneses= personal property, and the trial court
entered a take-nothing judgment in Boswell=s
favor.

                                                           II.
Issues

 
The Joneses challenge the trial court=s
judgment with six issues.  They contend in their first four issues that the
evidence is legally insufficient and in their last two that it is factually
insufficient.

                                                            III.
Standard of Review








When
a party attacks the legal sufficiency of adverse findings on issues on which it has
the burden of proof, it must demonstrate that the evidence establishes, as a
matter of law, all vital facts in support of those issues. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 241 (Tex. 2001); McMillan v.  Dooley,
144 S.W.3d 159, 170 (Tex. App.CEastland
2004, pet. denied). We first examine the record for evidence that supports the
jury=s finding while
ignoring all evidence to the contrary.  If there is no evidence to support the
jury=s answer, the
entire record must be examined to see if the contrary proposition is
established as a matter of law. Dow Chem., 46 S.W.3d at 241. The issue
should be sustained only if the contrary proposition is conclusively
established. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).

We
review the denial of a motion for judgment n.o.v. under a legal sufficiency
standard.  Whitney Nat=l
Bank v. Baker, 122 S.W.3d 204, 207 (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  This requires that we review the record to
determine whether the issue was disputed or was conclusively established by the
evidence.  See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218,
222-23 (Tex. 1992) (only disputed issues must be submitted to the jury).

When
a party attacks the factual sufficiency of an adverse finding on an issue on
which it has the burden of proof, it must demonstrate that the adverse finding
is against the great weight and preponderance of the evidence. Dow Chem.,
46 S.W.3d at 242; Croucher, 660 S.W.2d at 58. The court of appeals must
consider and weigh all of the evidence. We can set aside a verdict only if the
evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Dow Chem.,
46 S.W.3d at 242; Chase Manhattan Mortgage Corp. v. Cook, 141 S.W.3d
709, 715 (Tex. App.CEastland,
2004, no pet.).

                                                                   IV.
Discussion

A. 
Did Boswell Commit a Trespass as a Matter of Law?








Trespass
to chattel is the wrongful interference with the use or possession of another=s property.  Omnibus Int=l, Inc. v. AT & T, Inc.,
111 S.W.3d 818, 826 (Tex. App.CDallas
2003, pet. dism=d). 
The distinction between trespass and conversion is that conversion requires the
actor to pay the full value of the thing with which he has interfered.  Id. (citing
W. Page Keeton et al, Prosser and Keeton
on the Law of Torts '
14, at 85-86 (5th ed. 1984)).  A trespass occurs not only when a party
wrongfully acquires possession of another=s
property but also when he wrongfully retains possession.  See Zapata
v. Ford Motor Credit Co., 615 S.W.2d 198, 201 (Tex. 1981) (a detention of
personalty lawfully obtained, after demand, is a wrongful act constituting a
trespass).  The commission of a trespass does not necessarily mean that the
actor is liable for damages.  Liability does not attach unless the wrongful
detention is accompanied by actual damage to the property or deprives the owner
of its use for a substantial period of time.  Id.; Lyle v. Waddle,
188 S.W.2d 770 (Tex. 1945).       

Because
it is undisputed that Boswell had possession of the dozer and refused to
release it until his bill was paid, the seminal question is did Boswell have a
possessory lien?  Texas law provides a worker who repairs a vehicle a
possessory lien to secure payment.  See Tex. Prop. Code Ann. '
70.001(a) (Vernon 2007); see also Tex.
Const. art. XVI, ' 37 (AMechanics, artisans and material men, of
every class, shall have a lien upon the buildings and articles made or repaired
by them for the value of their labor done thereon, or material furnished
therefor.@).  Texas
law also provides a possessory lien to garagemen who care for a vehicle. Tex. Prop. Code Ann. ' 70.003 (Vernon 2007). 
This lien includes the reasonable charges for towing the vehicle to the
garageman=s place of
business.  Id. 

Unquestionably,
Boswell paid for towing the dozer out of the tank, and he performed repair
services on it.  This would suggest that a valid possessory lien existed, but
Texas courts have consistently held that, before a statutory or constitutional
lien can be created to secure payment for repairs, the owner must consent to
the repair.  See Astraea Aviation Servs., Inc. v. Nations Air Inc.,
172 F.3d 390, 393-94 (5th Cir. 1999).[1]  Boswell
testified that Chris authorized him to hire a wrecker and repair the dozer. 
But, he agreed that neither Morris nor the Joneses authorized any charges.  The
trial court found that as a matter of law there was no agency relationship
between Chris and the Joneses.  Boswell does not challenge that finding. 
Consequently, because there was no evidence that the Joneses authorized Boswell
to hire a wrecker or repair the dozer, he had no right to refuse to release the
dozer to them, and he committed a trespass as a matter of law.

B. 
Can the Joneses Assert a Trespass Claim?








Unlike
trespass to real property, a trespass to personal property cause of action does
not entitle the claimant to presumed damages.  See Gen. Mills Rests., Inc.
v. Tex. Wings, Inc., 12 S.W.3d 827, 833 (Tex. App.CDallas 2000, no pet.)
(trespass-to-real-property claimant is entitled to nominal damages in the absence
of actual injury). To establish Boswell=s
liability, the Joneses were also required to prove either actual damage to the
dozer or that they were deprived of its use for a substantial period of time.  Zapata,
615 S.W.2d at 201.  The Joneses do not contend that Boswell damaged their
dozer.  Their claim is that he wrongfully retained possession of the dozer for
a substantial period of time.

Boswell
argues that the Joneses were not deprived of the dozer because Connie testified
that they cancelled their lease and that she did not believe that they had any
further responsibility for it.   We disagree.  The Joneses could assert a
trespass action even though they believed their lease was cancelled because
they were only required to establish a right to immediate possession.  See
Crutcher v. Cont=l
Nat=l Bank,
884 S.W.2d 884, 888 (Tex. App.CEl
Paso 1994, writ denied) (either ownership, possession, or the right of
immediate possession is required for a conversion action).  The right to
immediate possession does not require proof of title.  Tex. Diamond Int=l, Inc. v. Tiffany &
Co., 47 S.W.3d 589, 591 (Tex. App.CSan
Antonio 2001, pet. denied); see also Guinn v. Lokey, 249 S.W.2d 185, 186
(Tex. 1952) (plaintiff must establish some interest in the property as of the
time of the alleged conversion such as title or otherwise some right to
possession).

The
dozer fell into the tank in late August.  It was repaired in late August or
early September.  Boswell=s
invoice was dated August 28, but he testified that Chris furnished him the
necessary parts after September 4.  Boswell stated that Connie first contacted
him after he had repaired the dozer.  She testified that this conversation
occurred before September 8.  In any event, Boswell did not release the dozer
to the Joneses until the following January.

Neither
party has cited and in our research we have been unable to locate any case
discussing what constitutes a substantial period of time.  Such an inquiry is
by definition a fact-driven process.  That is particularly true in this case. 
The Joneses were leasing the dozer on a lease-purchase agreement from Warren
Caterpillar.  After learning that their dozer had fallen into a tank and needed
to be returned to Warren for repair, they cancelled the lease.  Warren
continued billing the Joneses for monthly lease payments at least through
January, and it filed suit against the Joneses when they failed to pay.  That
suit was unresolved at the time of trial.








Consequently,
the record does not fully quantify the Joneses=
rights to the dozer, but as a matter of law, they always had a right of
immediate possession.  This right was confirmed by the trial court=s temporary restraining
order that required Boswell to release the dozer to the sheriff=s office for delivery to
the Joneses.  Because Boswell has not challenged this order, that finding is
binding now.  Furthermore, Warren billed the Joneses for the dozer through
January.  Because Warren continued to bill them, the Joneses had the right to
regain possession of the dozer so that it could be returned to Warren even
though they were contending that the lease was cancelled in September.  Because
they had a right of immediate possession, the Joneses could assert a trespass
claim.

C. 
Did Boswell Deprive the Joneses of the Dozer for a Substantial Period of Time?

Boswell
retained the dozer for approximately four months.  We cannot say as a matter of
law that this is or is not a substantial period of time, particularly because
the litigation between the Joneses and Warren was unresolved when this case was
tried.  The resolution of that litigation could well inform the jury=s determination of this
issue.  For example, the jury could reasonably consider whether Boswell=s trespass caused the
Joneses to incur liability for lease charges that they otherwise would not have
owed and, if so, the amount of those charges. 

Boswell=s argument that the Joneses
cannot claim loss-of-use damages while simultaneously arguing that they had
cancelled their lease does have merit.  We note that the Joneses introduced
evidence that Boswell=s
retention of the dozer caused them to lose gross revenues of approximately
$123,000.  That measure of damage is fundamentally inconsistent with the claim
that they cancelled their lease and were prevented from returning the dozer to
Warren.  Either the Joneses were prevented from returning the dozer or they
were prevented from using the dozer but not both.

Boswell
committed a trespass as a matter of law.  The trial court erred when it
submitted this issue to the jury and when it denied that portion of the Joneses= motion for judgment
n.o.v.  Boswell=s
liability, however, was not established as a matter of law and the trial court
correctly denied the remainder of the Joneses=
motion for judgment n.o.v.  We sustain the fourth issue in part.  Our holding
makes it unnecessary to address their remaining issues.  Tex. R. App. P. 47.1.

                                                                     V.
Holding

The
judgment of the trial court is reversed.  Judgment is rendered that Boswell
committed a trespass, and this case is remanded for a new trial on Boswell=s liability and the Joneses= damages, if any.

 

 

RICK STRANGE

JUSTICE

February 14,
2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]See also  Drake
Ins. Co. v. King, 606 S.W.2d 812, 818 (Tex. 1980); Hydra-Rig, Inc. v.
ETF Corp., 707 S.W.2d 288, 290 (Tex. App.CFort
Worth 1986, writ ref=d n.r.e.); Sw. Inv. Co. v. Gilbreath, 380 S.W.2d
196, 197 (Tex. Civ. App.CAmarillo 1964, no writ); Sumrall v. Russell, 255
S.W. 239, 240 (Tex. Civ. App.CEl Paso 1923,
writ dism=d w.o.j.).