TOM LOCKHART V. G. E. WILLIAMS ET AL.

No. A-554. Decided January 23, 1946.
Rehearing overruled February 20, 1946.
(192 S. W., 2d Series, 146.)

*Austin C. Hatchell, Jack E. Price* and *Sam J. Dotson,* all of Longview, and *Richard Critz,* of Austin, for petitioner.

The Court of Civil Appeals erred in overruling plaintiff's contention that the verdict of the jury and the uncontroverted evidence established as a matter of law the fact that the quitclaim deed from the plaintiff to the defendant, Mrs. Knox, and his release to her, subsequently executed, were delivered under an express trust agreement to enable Mrs. Knox and her husband to secure credit to enable them to drill a well on said tract, and when said well was drilled, plaintiff's oil payment in the sum of $15,000.00 would be payable out of the 1/16th of the oil to be produced from said well and payable out of said leasehold interest. McDonald v. Follet, 142 Texas 616, 180 S. W. (2d) 334; Hoge v. Hoge, 1 Watts (Pa.) 214, 26 Am. Dec. 52; Faville v. Robinson, 111 Texas 48, 227 S. W. 938.

*H. P. Smead, Hurst & Burke, L. K. Burke* and *W. C. Holcomb,* all of Longview, and *Jones & Jones,* of Mineola, for respondents.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

By this suit petitioner, Tom Lockhart, seeks to recover from respondents, G. E. Williams, et al, an oil and gas payment of $15,000.00 out of the 1/16th of the oil produced and to be produced from a well drilled on a small parcel of land in Gregg County. Judgment in the trial court in favor of the defendant was affirmed by the Court of Civil Appeals. 187 S. W. (2d) 234.

On February 7, 1935, Tom Lockhart executed and delivered to Mrs. Harriet Knox two oil and gas leases covering small, undivided interests owned by him in a tract of land containing approrimately 290 acres out of the L. B. Outlaw Survey in Gregg County. The fractional interests owned by Lockhart and covered by the respective leases were 1/960 and 1/94. One of the leases recited:

"The consideration for this leasehold estate paid and to be paid is the sum of $15,000.00 per well location to be paid if, as

and when the oil is produced and to be paid out of one-fourth of the seven-eights of the oil when produced & sold.

"The amount to be paid to be determined by the proportion of the $15000.00 that the proportion of the interest owned and conveyed herein bears to the 7/8 interest; in other words the amount to be paid and the proportion in which it is to be paid to be determined by the fractional interest herein conveyed bears to the whole of the 7/8."

The other lease recited:

"The consideration for the above lease paid and to be paid is the sum of $15000.00 per well location for the full 7/8 lease to be paid, if, as and when the oil is produced, saved and marketed and to be paid out of one-fourth of the 7/8 of the oil, when produced and sold.

"The amount to be paid for this lease to be determined by the proportion here conveyed bears to the full 7/8 leasehold estate."

Other owners of interests in this tract had theretofore executed oil and gas leases to other operators, including W. C. Knox and Joe Holcomb, husband and son, respectively, of Mrs. Knox. By segregation agreements between the various lessees, the leasehold estate in a particular 7 acre tract out of the larger tract was set apart to Mrs. Knox and Joe Holcomb and by a later agreement between the two of them such estate in a .45 acre parcel out of the 7 acre tract was set aside to Mrs. Knox.

By an instrument in writing dated February 27, 1935, Lockhart quitclaimed to Mrs. Knox "all of my right, title and claim in and to the South 7 acres," stipulating, however, that "It is expressly understood that this instrument shall in no wise divest me of any of my royalty rights in and under the above tract of land." Thereafter, on May 22, 1935, Lockhart executed a release in writing to Mrs. Knox which recited the execution of the original leases and then recited:

"And whereas for a valuable consideration to me in hand paid, I Tom Lockhart do hereby and by these presents release the said Mrs. Harriet H. Knox, from the payment of such sum or any other amount of money for any location of well made on the above mentioned 7 acres, * * * but it is especially understood and agreed that the release from the payment of such sum for a location on the said 7 acres in no way affects the agreement and obligation for payment for a location on any other portion of the said 293 acres * * *."

In December, 1937, Mrs. Knox completed a producing oil well on the .45 acre parcel and thereafter assigned and conveyed the leasehold estate therein, including the well, to her daughter, Mrs. G. E. Williams, one of the respondents.

The basis of Lockhart's claim is reflected by the answers of the jury to two special issues. The answer to one of such issues was that prior to the execution of the quitclaim deed dated February 27, 1935, "* * * there was an agreement between the plaintiff, Tom Lockhart, and defendants, Mrs. Harriet H. Knox and W. C. Knox, that if said plaintiff would give her a quitclaim deed to the 7 acres in question, that these defendants, in turn, and as a consideration thereof, would execute and deliver to him, when the well was completed, an oil payment in the sum of $15,000 to be paid out of the 1/16th of the oil, gas and other minerals produced from the .45 acre in question."

In answer to the other special issue a like finding was made with respect to the release dated May 22, 1935.

Before the case was submitted to the jury respondents filed a motion for a peremptory instrument in their favor, basing same on two grounds, namely, that the oral contract mentioned in the special issues was in violation of the statute of frauds, and that Lockhart's right to recover was barred by the two and four years statutes of limitation, both of which defenses were pleaded in their answer. The motion was overruled, but after verdict the same contentions were presented by respondents in a motion for judgment non obstante veredicto. This latter motion was granted and judgment entered that Lockhart take nothing. As noted above, the trial court's judgment was affirmed by the Court of Civil Appeals.

To our minds, Lockhart's theory of the case, that a parol trust in the leasehold on the .45 acre tract was created in his favor by the parol contract found by the jury to have been prior to the execution of the quitclaim deed and again prior to the execution of the release, is built upon an incorrect interpretation of the language of the original leases. We quoted above the consideration recited in those leases. By that language Lockhart did not reserve to himself the right to receive, and neither did Mrs. Knox obligate herself to pay him, $15,000.00 per well location out of 1/4th of 7/8ths of the oil. Lockhart owned but an undivided interest of 1/960th plus 1/94th in the land. By the above provisions of the leases the amount to be paid to him was to bear the same proportion to $15,000.00 that his undivided interest bore to the 7/8ths working interest. The leases provided

for a royalty of 1/8th of the oil to be paid to the lessor, but they also contained the provision common to such instruments that,

"If said lesesor owns a less interest in the above described land than the entire and undivided fee simple estate or no interest therein, then the royalties and rentals herein provided for shall be paid the said lessor only in proportion which lessor's interest, if any, bears to the whole and undivided fee."

It would not be contended that under that provision Lockhart was entitled to a full 1/8th royalty. While the language with respect to the payment of $15,000.00 per well location is not identical with that with respect to the royalty, its effect is the same. The respondents have calculated Lockhart's interest to have been about 1.17 per cent and on that basis have calculated that the amount to have been paid him from each well location was approximately $175.00. That calculation appears to us to be substantially correct and we adopt it for the purposes of this opinion.

■ The situation of the parties, then, at the time the oral contract was entered into was that Lockhart owned the right to receive 1.17 per cent of $15,000.00 from 1/4th of 7/8ths of the oil as and when produced by the well thereafter to be drilled. According to the findings of the jury, he agreed to assign that interest to Mrs. Knox in consideration of her agreement later to assign to him the whole $15,000.00 interest. He agreed to exchange his contingent right to a $175.00 payment for a contingent right to a $15,000.00 payment, the contingency being the bringing in of a well capable of producing sufficient oil to meet such payments. The right possessed by him was an interest in land. Sheffield v. Hogg, 124 Texas 290, 77 S. W. (2d) 1021; Tennant v. Dunn, 130 Texas 285, 110 S. W. (2d) 53; O'Connor v. Quitana Petrolemum Co., 134 Texas 179; same case styled State v. Quintana Petroleum Co., 133 S. W. (2d) 112, 134 S. W. (2d) 1016, 128 A. L. R. 843; McLean v. State, 181 S. W. (2d) 725, error refused.

■ The leasehold estate owned by Mrs. Knox, a determinable fee, was also an interest in land, not subject to parol sale but protected therefrom by the statute of frauds, Art. 3995, and the statute of conveyances, Art. 1288. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Texas 160, 254 S. W. 290, 29 A. L. R. 566; W. T. Waggoner Estate v. Sigler Oil Co., 118 Texas 509, 19 S. W. (2d) 27.

■ It follows that Lockhart's theory of parol trust cannot be

sustained. The only estate in which a parol trust could have been created by Mrs. Knox in favor of anyone at the time of the parol agreement was that which Lockhart then owned and later quitclaimed to her. She could have made a valid parol agreement before title passed to her to acquire and hold same in trust for some named valid purpose, but she could not create a trust by parol in the estate which she already owned, because she could not make a binding parol contract to convey it.

The Court of Civil Appeals based its judgment of affirmance on the ground that Lockhart's alleged cause of action was barred by the four years statutes of limitation, Arts. 5529 and 5531. Since we have concluded that Lockhart had no cause of action against respondents, it is unnecessary for us to decide whether or not, if he had had a cause of action, same would have been barred by limitation.

The case is affirmed.

Opinion delivered January 23, 1946.

Rehearing overruled February 20, 1946.