**MORGAN FARMS et al. v. BROWN**

**No. 12113.**

Court of Civil Appeals of Texas.
San Antonio.

June 14, 1950.

Rehearing Denied July 12, 1950.

Pichinson, Davis & Hale and Norman Utter, all of Corpus Christi, for appellants.

Jackson & Jackson and H. S. Groesbeck, all of Crystal City, for appellee.

W. O. MURRAY, Chief Justice.

Appellee, C. M. Brown, instituted this suit against appellants, Morgan Farms, a partnership composed of Fred F. Morgan and John J. Pichinson, both residents of Nueces County, Texas, and Fred F. Morgan and John J. Pichinson, individually, seeking to recover the balance alleged to be due appellee by virtue of a written contract for clearing land located in Zavala County, Texas, and further seeking to foreclose a mechanic's lien upon the property set out in the contract.

Appellants filed their plea of privilege to be sued in the county of their residence, which plea of privilege was controverted by appellee, who sought to maintain venue in Zavala County under the provisions of Subdivision 12 of Article 1995, Vernon's Ann.Civ.Stats. There were other grounds in the controverting affidavit which need not be here discussed.

The trial court overruled appellants' plea of privilege, and from that order appellants have prosecuted this appeal.

It is the contention of appellants that before appellee could sustain venue in this case he would have to show from a pre-

ponderance of the evidence that he had a valid mechanic's lien against the land involved. We overrule this contention. This Court has held on a number of occasions that where a suit is brought to foreclose a mortgage or other lien upon land or other property, venue may be sustained in the county where the land or other property is located, under the provisions of Subdivision 12 of Article 1995, Vernon's Ann.Civ. Stats., by alleging a lien upon the property, without the necessity of proving a valid debt and lien. The nature of the suit is determined by a consideration of the pleadings and not the evidence. George v. Northwest Engineering Co., Tex.Civ.App., 156 S.W. 2d 576; Eastham v. Farmer, Tex.Civ.App., 193 S.W.2d 568. See also: Tennessee Gas & Transmission Co. v. Heard, Tex.Civ. App., 190 S.W.2d 518. We are aware that there are other decisions in conflict with these cases: Hagan v. Acme Drilling & Service Co., Tex.Civ.App., 225 S.W.2d 870; McGriff v. Hazle, Tex.Civ.App., 201 S.W. 2d 92; Ruwaldt v. Mohawk Drilling Co., Tex.Civ.App., 195 S.W.2d 855.

We do not deem it necessary to pass upon other questions herein raised and accordingly the judgment of the trial court is affirmed.