## SEIDEL v. GULLY.
### No. 2889.

Court of Civil Appeals of Texas. Eastland.
Sept. 14, 1951.

Paul Petty, Ballinger, for appellant.

David J. Morris, Brownwood, for appellee.

GRISSOM, Chief Justice.

W. D. Gully sold and executed an assignment of an overriding royalty of one-sixteenth of seven-eighths of the minerals in a tract of land in Brown County to F. A. Seidel. Seidel's check for the purchase price was not paid and Gully sued Seidel in Brown County for the purchase price and to foreclose an equitable vendor's lien on the assigned royalty. Seidel filed a plea of privilege to be sued in the county of his residence. His plea was overruled and he has appealed.

■ Under exception 12, Art. 1995, Vernon's Ann.Civ.St., a suit for foreclosure of a lien may be brought in the county where the property subject to such lien is situated. See Morgan Farms v. Brown, Tex.Civ.App., 231 S.W.2d 790 and Morgan Farms v. Murray, Chief Justice, Tex.Sup., 233 S.W.2d 123. In their briefs, the parties agree that if said overriding royalty is realty, as alleged by appellee, the suit is maintainable in Brown County. Therefore, the controlling question is whether or not the assigned overriding royalty constitutes an interest in land. Appellant argues that because the assignment is of "an overriding royalty of one-sixteenth of seven-eighths of all the oil, gas and other minerals *After*

same are 'produced, saved and *Marketed,*' 'free of cost to assignor' and *After* same are delivered 'at the pipe line', to which the wells are to be connected," that said royalty was not to be paid until after the mineral was produced, saved and marketed and delivered at the pipe line and, therefore, that no present interest in the minerals was conveyed; that this is an assignment of personalty, not realty, and, therefore, there was no lien on land in Brown County. Although some early decisions by our Supreme Court appear to sustain appellant's contention, such decisions have been overruled. In Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 1024, the Supreme Court said it was finally settled in W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27, that the ordinary oil lease operates to invest the lessee with a determinable fee in oil and gas in place. The leases there in question, among other things, provided for a royalty of one-eighth of all oil and gas marketed from the land, to be paid to the lessor at the end of each month, or when the lessee received pay therefor, and that the lessor should have a one-eighth interest in all "money" realized from gas marketed from the land. It provided for payment of a royalty of one dollar per ton on sulphur. The Supreme Court held that the title to the royalty remained in the lessor and that it made no difference "whether the oil is retained by the lessor as oil and gas, readily convertible into cash on the market, or whether the lessee is given a power to sell all of the oil and gas, always accounting for a fixed royalty portion to the lessor." The court held that such royalty interest was subject to taxation as real estate. The court expressly stated that language used in Hager v. Stakes, 116 Tex. 453, 294 S.W. 835, and Ehlinger v. Clark, 917 Tex. 547, 8 S.W. 2d 666, which could not be reconciled with the holdings in the Hogg case was disapproved. In Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 476, our Supreme Court said: "It is also settled by our decisions that mineral royalty affecting land in this State, granted or reserved, 'and however payable—whether in the specific product (in oil) or in money measured by the

value of the product,' is an interest in the land covered by the contract." The court cited Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643, 649, and Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021. In Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53, 57, the Supreme Court, in an opinion by Judge Smedley, said the confusion in the opinions prior to Sheffield v. Hogg, as to the nature of royalty interests, "is settled by that decision that royalties, whether payable in money or in kind, issuing out of the ordinary oil and gas leasehold estate, a determinable fee, 'are interests in land; and hence not subject to parol sale, but have the protection of the statute of frauds, the statutes regulating conveyances and mortgages or real estate, and the statutes requiring the record of instruments affecting title to or liens on land.'" The court further said: "The gist of the opinion in Sheffield v. Hogg is that oil and gas royalties, whether payable in kind or in money, * * * should be adjudged to be present interests in land rather than mere rights in personalty * * *."

In Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643, 647, Writ Ref., it was said that everything the lessor receives, in whatever form, in consideration for the oil taken or to be taken from the land, constitutes a part of the purchase price of the title to the oil, and, therefore, of the land. In Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146, 148, our Supreme Court, in an opinion by Judge Hickman, held that the right to receive an oil payment of a percent of a certain sum of money from one-fourth of seventh-eighths of the oil as and when produced and sold from a well to be thereafter drilled was an interest in land. See also Young v. Poling, Tex.Civ.App., 154 S.W.2d 686, 688, Writ Ref. In Carr v. Stringer, Tex.Civ.App., 171 S.W.2d 920, 923, it was held that an overriding royalty is realty. In Frost v. Standard Oil Company, Tex.Civ.App., 107 S.W.2d 1037, 1039, it was held that an overriding royalty is land for the purpose of fixing venue of suits for recovery of such interest or for damage thereto, under exception 14, Art. 1995.

 Gully's overriding royalty was realty and the tract of land of which it was a part being in Brown County a suit to recover the purchase price and foreclose an equitable vendor's lien thereon was maintainable in said county under exception 12, Art. 1995.

The judgment is affirmed.