The judgment is reversed and the cause remanded.

**W. M. AGEY, Appellant,**

v.

**E. C. SIDWELL et al., Appellees.**

**No. 6763.**

Court of Civil Appeals of Texas.

Amarillo.

April 21, 1958.

Rehearing Denied May 19, 1958.

Yarborough, Yarborough & Johnson, Dallas, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

PITTS, Chief Justice.

This is a venue action which arose out of a suit filed by appellees, E. C. Sidwell and R. C. Sidwell, a partnership doing business as Oil Well Servicing Company, against appellant, W. M. Agey, doing business as Agey Drilling Company, upon an alleged verified account for labor and material furnished in the total sum of $10,520.99 and for the foreclosure of a lien upon a mineral leasehold on land located in Carson County, Texas. Appellant filed his plea of privilege seeking to have the principal case transferred to Dallas County, Texas, where he resided. Appellees controverted the plea of privilege with a sworn pleading making their original petition a part thereof. The issue of venue only was heard by the trial court on November 14, 1957, which overruled appellant's plea of privilege from which an appeal has been perfected with a single point of error presented complaining that such action constituted error.

Appellant charges in effect that the pleadings and evidence do not satisfactorily show a lien upon the leasehold as claimed by appellees. The record reveals that appellees' original pleadings with a verified ac-

count attached thereto were made a part of their controverting affidavit and that appellees therein pleaded the contract of employment of appellees by appellant, the service rendered by them, the presentation of their claim in the sum of $10,520.99 on the account, the failure of appellant to pay such, the filing of an affidavit by appellees for record in Mechanics' Lien Records in Carson County, Texas, asserting a lien on the mineral leasehold to secure the payment of the account.

In response to the request of appellant, the trial court timely filed its findings of fact and conclusions of law in which it found in effect that appellant was the owner of an oil and gas lease covering 80 acres of land located in Carson County, Texas, upon which there was an oil well owned also by appellant; that during August of 1955 appellant employed appellees to clean out the well, drill it deeper and re-condition it; that appellees performed the labor according to contract with appellant, who had not paid appellees for their services; that appellees removed their drilling tools and other equipment from the lease held by appellant on September 14, 1955, and surrendered to appellant whatever possession they had of the lease; that appellees presented a statement for their services to appellant who had not paid for such services; that on March 13, 1956, E. C. Sidwell, one of appellees, executed his affidavit for securing and fixing a lien on the leasehold owned by appellant and the same was filed for record in the office of the county clerk of Carson County, Texas, on March 13, 1956, where it was duly recorded in the Mechanics' Lien Records; that the primary suit was filed by appellant on May 29, 1957, with a verified account attached and by their pleadings they sought to foreclose their alleged lien on the lease in question; and that appellees resided in Gray County, Texas, and appellant resided in Dallas County, Texas. By reason of such material facts the trial court concluded as a matter of law that, in as much as the suit was brought to foreclose a lien upon a leasehold on land located in Carson County, the court in said county had venue under the provisions of Subdivision 12 of Article 1995, Vernon's Ann.Civ.St. by reason of appellees having alleged a lien upon the property without the necessity of proving a valid debt and lien thereon, for which reason the plea of privilege was overruled.

Appellant has not challenged any of the trial court's findings by presenting a point of error or otherwise. However, the record reflects that such findings are supported by competent evidence, and we find no fault with the pleadings.

In the recent case of Morgan Farms v. Brown, 231 S.W.2d 790, 791, the San Antonio Court of Civil Appeals held that:

"* * * where a suit is brought to foreclose a mortgage or other lien upon land or other property, venue may be sustained in the county where the land or other property is located, under the provisions of Subdivision 12 of Article 1995, Vernon's Ann.Civ.Stats., by alleging a lien upon the property, without the necessity of proving a valid debt and lien."

The Supreme Court approved the opinion of the San Antonio Court by a short opinion, Morgan Farms v. Murray, reported in 149 Tex. 319, 233 S.W.2d 123. More recently the courts have cited the said rule there announced with approval in the cases of Seidel v. Gully, Tex.Civ.App., 242 S.W. 2d 442, 443; McKinney v. Calvert Fire Ins. Co., Tex.Civ.App., 257 S.W.2d 452, 454; Ward v. Davis, Tex.Civ.App., 262 S.W.2d 533, 535.

It is our opinion that the trial court properly applied the said rule so announced in determining the controlling question presented here by the pleadings and the facts heard in this case. Under the record presented and the rules of law applicable thereto, appellant's point of error is overruled and the judgment of the trial court is affirmed.