E. O. MEADOWS, Appellant,

v.

E. Sidney HUGHES, Appellee.

No. 6780.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 3, 1958.

Rehearing Denied Dec. 1, 1958.

Cookston & Wise, Dallas, for appellant.

B. B. Bruner, Dallas, for appellee.

PITTS, Chief Justice.

This is a suit on an alleged debt appellee, E. Sidney Hughes, claimed was due him by appellant, E. O. Meadows, by reason of an alleged oral contract between the two parties agreeing to divide equally a broker's commission as a result of the sale of certain mineral interests, which in law constituted a sale of real estate. Hager v. Stakes, 116 Tex. 453, 294 S.W. 835, 842; Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146, 149. The case was tried to the court without a jury as a result of which judgment was rendered awarding appellee judgment against appellant for the sum of $2,500, from which judgment appellant perfected his appeal.

Appellant has challenged the judgment of the trial court upon the grounds that appellee sought in effect to recover one-half of a broker's commission arising out of the sale of real estate, without having pleaded or attempted to prove that he held a realtor's license or a security license as required by law. The record reveals that these matters were called to the attention of the trial court by way of exceptions filed by appellant to appellee's pleadings.

The record reveals that appellee pleaded in effect that he had a listing for sale of certain mineral interests owned by Teck Exploration Company and that on or about May 5, 1955, he agreed verbally with appellant that they "would work together on the sale of said mineral interests and that plaintiff and defendant would divide equally any commissions, compensation or any monies in any wise collected, which would be paid by any one, growing out of the sale of the herein referred to minerals"; that they worked jointly in procuring a buyer for the sale of such mineral interest and consummated the sale thereof, after which the buyer thereof on or about August 10, 1955, paid to appellant the sum of $5,000 for

services rendered by the parties in making the sale, but that appellant has failed and refused to pay over to appellee the sum of $2,500 as his equal share of the proceeds collected. Appellee further alleged that by reason of his claims being in a form of wages he was entitled to judgment also for attorney fees in the sum of $750 but no attorney fee was awarded to him. Nowhere did appellee allege that he held a realtor's license or a security license authorizing him to lawfully make a sale such as was made or that he held such a license as would authorize him to participate in any commissions collected for services rendered in helping to make such a sale.

Appellee testified that he was "in the brokerage business handling oil, gas and mineral leases," but nowhere did he allege or attempt to prove that he had a broker's license, a realtor's license or a securities license. He further testified that he was a "lease broker" and that he helped to procure a buyer, to-wit: General Minerals Corporation, and to sell to the said corporation the mineral lease here involved and that appellant had previously "agreed to split any commission that we could obtain from the sale of those minerals." However, the record is wholly silent on the question of procuring or operating under a license as a real estate broker or salesman at the time the sale of the mineral lease in question was made or at any other time.

Article 6573a, Subdivision (1) of Section 4, Vernon's Ann.Civ.St., as amended effective June 1, 1955, provides in part that a " 'Real Estate Broker' shall mean and include any person who, for another or others and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation: * * * sells, exchanges, purchases, rents or leases real estate," or one who "procures or assists in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate."

Section 19 of the said Article says:

"No person or company engaged in the business of acting in the capacity of a Real Estate Broker or a Real Estate Salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts set out in Subdivision (1) of Section 4 hereof, without alleging and proving that such person or company was a duly licensed Real Estate Broker or Salesman at the time the alleged cause of action arose."

Section 26 of the said Article says:

"It shall be unlawful for any Real Estate Broker or Real Estate Salesman to offer, promise, allow, give, pay or rebate, directly or indirectly, any part or share of his commission or compensation arising or accruing from any real estate transaction, to any person who is not licensed in this or another State as a Broker or Salesman, in consideration of service as a Real Estate Broker or Salesman performed or to be performed by such unlicensed person, and no Real Estate Salesman shall be employed by or accept compensation from any person other than the Broker under whom he is at the time licensed; and it shall be unlawful for any licensed Real Estate Salesman to pay a commission to any person except through the Broker under whom he is at the time licensed."

The foregoing quoted provisions of the amended Act are substantially the same as the previous provisions of the Article before it was amended.

According to appellee's pleadings and his testimony, he, as a real estate broker, is here seeking to recover through the courts one-half of a broker's commission for his alleged services rendered in helping to procure a buyer and make a sale of real estate "without alleging and proving" that he "was a duly licensed Real Estate Broker or Salesman" as he was required to do under the

provisions of Section 19 of Article 6573a, as amended, which provisions prohibit recovery through the courts under the record presented here. It also appears that the provisions of Section 26 previously herein quoted prevents appellee's recovery under the record he has presented here.

In the case of Burchfield v. Markham, Tex., 294 S.W.2d 795, 797, the State Supreme Court construed the provisions of Section 20 of Article 6573a before it was amended, which Section is substantially the same as Section 26 of the said Article as amended, which amended Section has been previously herein copied in full. In construing the said provisions of the Statute the Supreme Court there held that it is unlawful for any real estate dealer or salesman to pay directly or indirectly any part or share of his commission accruing from a real estate transaction to any person who is not a licensed dealer or salesman. A holding to the same effect was likewise made in the case of McCall v. Johns, Tex. Civ.App. 294 S.W.2d 869.

The foregoing quoted provisions of the Statutes are simple and are easily understood without explanation. However, the following additional authorities refute appellee's claims here made: Williams v. Union Producing Company, Tex.Civ.App., 259 S.W.2d 572; Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377; Wasson v. Hartt, Tex.Civ.App., 244 S.W.2d 258; Juliani v. Fitz-Gibbon, Tex.Civ.App., 234 S.W. 2d 448, 451; Furman v. Keith, Tex.Civ. App., 226 S.W.2d 218. The last case cited was very similar to the case at bar. Furman contended that Keith was not entitled to judgment against him for one-half of the commissions in a real estate transaction because at the time the commission was earned Keith did not have a real estate dealer's license, either as a dealer or as a salesman, and the appellate court sustained Furman in his contentions and reversed the judgment in the case. In that case the Supreme Court refused a writ and thus approved the holding.

For the reasons stated the judgment of the trial court in this case is reversed and judgment is here rendered denying appellee, E. Sidney Hughes, any recovery, and he shall take nothing by reason of his suit with all costs adjudged against him. Reversed and rendered.