SENTINEL OIL COMPANY, Inc., et al.,
Appellants,

v.

A. E. HERRMANN CORPORATION,
Appellee.

No. 6807.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 17, 1958.

Rehearing Denied Dec. 15, 1958.

Golden, Croley, Howell, Johnson & Mizell, Dallas, for appellants.

Richard P. Herrmann; Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of a primary suit to in effect remove an

encumbrance from the title of an interest in land located partly in Carson County, Texas, filed by appellee, A. E. Herrmann Corporation, against appellants, Sentinel Oil Company, a corporation, and Republic National Bank of Dallas, a corporation. Appellants filed a joint plea of privilege seeking to have the primary suit transferred to Dallas County, Texas, the county of their respective domiciles, and subject to their plea of privilege, they likewise filed a general denial to appellee's alleged cause of action. Appellee controverted the plea of privilege by making its original petition a part thereof and by likewise pleading again the material parts of its alleged cause of action, contending that venue lies in Carson County, Texas, where a part of the land here involved is located by reason of the provisions of Section 14 of Article 1995, Vernon's Ann.Civ.St., establishing venue in such a case in a county where a suit has been filed to remove encumbrances upon the title to land located in such county or to quiet title to such land. Appellee further contends that venue lies in Carson County, Texas, also under the provisions of Section 23 of Article 1995 since its alleged cause of action is against a private corporation and a part of it arose in Carson County.

Upon a hearing of only the venue issues without a jury, the trial court overruled the plea of privilege from which action appellants perfected an appeal and have here challenged the trial court's judgment and appellee's contentions made in support thereof.

There is little if any controversy about the facts in the case since most of the material facts have been stipulated by agreement of the parties. The pleadings and chain of title reveal ownership of certain oil and gas leases on land located in Carson County in appellee, A. E. Herrmann Corporation, domiciled in Potter County, Texas, and apparently some of the lands in question are located in Gray and Hutchinson Counties; that appellant, Sentinel Oil Company, owned certain reserved production payments excepted in the said leases and held in the form of over-riding royalties, which were denominated "First Production Payment," and "Second Production Payment," with said appellant owning the First Production Payment but only a portion of the Second Production Payment, known as the first part of the Second Production Payment, and by reason of financial arrangements made between this appellant and appellant, Republic National Bank of Dallas, the latter is a mortgagee of the interest of the former. The merits of the primary suit are not material here further than to show that appellee charges that appellants erroneously applied the payments made to them from production proceeds upon the said Production Payments in such a manner as to wrongfully encumber the title to appellee's interest in the land by applying excessive amounts paid on the First Production Payment in order to liquidate it when such excessive amounts were made available to be applied on the Second Production Payment where such should have been applied if a correct method of application of credits had been made and that the said appellants have likewise received and retained excessive amounts required to liquidate their interest in the Second Production Payment. Appellee further contends that such excesses received and retained by appellants should have been applied on the second part of the Second Production Payment owned by another party in order to liquidate that owner's interest in the Second Production Payment and thereby relieved the original mineral leases of any further burden of production payments.

█ It appears from the record that the trial court by judgment entered sustained appellee's theory of the case and we are required to affirm such judgment if there is evidence to support it upon any reasonable theory authorized by law, and particularly so since no findings and conclusions were filed or requested, leaving a presumption that by implication all neces-

sary findings were made by the trial court in support of its judgment.

By three points of error appellants contend, first, that the trial court erred in holding that there existed any exception to the exclusive Venue Statutes in this case; second, that it erred in holding that this constitutes a land suit within the meaning of the provisions of Subdivision 14 of Article 1995 and, third, that it erred in holding that a part of the alleged cause of action arose in Carson County thus giving venue under the provisions of Subdivision 23 of Article 1995. Appellants seem to contend that appellee's principal alleged cause of action does not involve an interest in land and they cited authorities in support of such contention but we do not believe such authorities are controlling in the case at bar.

It appears from appellee's pleadings that the primary purpose of the suit is to secure a removal of an encumbrance upon the title of appellee's leases due to alleged wrongful acts of appellants and is not a suit to secure payment of money by appellants to appellee. Therefore, it is our opinion that the pleadings and record reveal that appellee's interest being here litigated constitutes an interest in land. Hager v. Stakes, 116 Tex. 453, 294 S.W. 835; Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146, 149; 31-A Tex.Jur. 188-190, Sec. 117.

■ A reserved production payment payable from a percentage of production of an oil and gas lease, such as we find here, is, in our opinion, an interest in land and is under the record an alleged encumbrance on the lease which constitutes an encumbrance on the title to the leasehold estate. State v. Quintana Pet. Co., 134 Tex. 179, 133 S.W.2d 112, 128 A.L.R. 843. In our opinion further, a suit resulting in the termination of a production payment from an oil and gas lease may result in the termination and removal of an encumbrance on the title to land or an

interest therein such as appellee claims here, for which reasons we believe the trial court was justified under the record presented in holding that this is a land suit within the meaning of Subdivision 14 of Article 1995, thus giving Carson County venue of the primary suit. We believe such a disposition made by the trial court is supported by a portion of the logical reasoning found in the case of Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171, 1173. While in the case at bar appellee sought to remove an encumbrance from the title of land, it also sought an accounting. In the last case cited, the court said in part:

"A suit for accounting for the value of oil removed is, under said statute, a suit to recover damages to land."

and thus held that venue lies in the county where the land is located, under the provisions of Subdivision 14 of the Venue Statutes. Both parties have cited the case of Campbell v. Burford Oil Co., Tex.Civ. App., 201 S.W.2d 100. It appears to us that this case may lend support to appellee's contentions here made. For the reasons stated, appellants' Points One and Two are overruled. Frost v. Standard Oil Co. of Kansas, Tex.Civ.App., 107 S.W.2d 1037; Humble Oil & Refining Co. v. Monroe, Tex.Civ.App., 129 S.W.2d 454; Kimbell v. Roberts, Tex.Civ.App., 264 S.W.2d 763.

■ Because of our disposition made of Points One and Two, we do not deem it necessary to pass on Point Three. However, we believe the record supports appellee's contentions to the effect that a part of appellee's alleged cause of action arose in Carson County thus giving the said county venue under a part of the provisions found in Subdivision 23 of Article 1995. Consequently, appellants' Point Three is overruled and both of appellee's counterpoints are sustained to the effect that Carson County, Texas, has venue under the provisions of Subdivision 14 as well as under a part of the provi-

sions of Subdivision 23 of the Venue Statutes.

For the reasons stated, appellants' motion to reverse and render is overruled and the judgment of the trial court is affirmed.