**L. T. STOVALL, Appellant,**

v.

**T. J. POOLE, Jr., et al., Appellees.**

**No. 4260.**

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Rehearing Denied Oct. 22, 1964.

Goff & Koonce, Angleton, Pollan & Nicholson, Rosenberg, for appellant.

Harris, Salyer & Huebner, Bay City, Davis, Kee, Mason & Lee, Angleton, Carl Fink, Jr., Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing. Plaintiff Stovall sued defendants Poole, et al, alleging that Poole owned certain oil lands and interests in Brazoria County; that a well had been commenced on such properties but had shut down at 4300 feet due to lack of finances; that defendant Poole orally contracted with plaintiff that if plaintiff would find someone to complete the well as a producer of oil and gas, for 60% of the

working interest in the well, that defendant would pay plaintiff a "sum equal to the value of ⅟₃₂ of the oil and gas produced and to be produced from said well and others on said properties * * *, or would assign him a ⅟₃₂ overriding royalty in such minerals to be produced from said well and other lands * * *."

Plaintiff alleges that he succeeded in finding defendant Scurlock Oil Company to complete the well; and Scurlock did complete such well; and that defendant Poole refused to pay plaintiff in money for the value of ⅟₃₂ of the production or to assign plaintiff an overriding royalty of ⅟₃₂ of the oil and gas produced from the well and property.

Plaintiff prays for judgment for ⅟₃₂ of the value of all oil and gas produced and to be produced from the property, and prays that the lands and all production therefrom be impressed with a trust for plaintiff's benefit to the extent of plaintiff's ⅟₃₂ contended interest therein.

Defendants answered by general denial, and plead, among other defenses, the Statute of Frauds and the Texas Trust Act. (Articles 3995(4), (5), 3995a, 7425b–1 et seq., Vernon's Ann.Tex.St.)

Defendants then moved for Summary Judgment under Rule 166–A Texas Rules of Civil Procedure, asserting no genuine issues of fact.

Plaintiff filed opposition to defendants' Motion for Summary Judgment and in his supporting affidavit stated that defendant agreed if plaintiff found someone to finance further drilling of the well, defendant would give up 60% of any production for such service, and defendant agreed to give plaintiff "⅟₃₂ portion out of the 60% production" for finding the party to continue drilling the well.

The Trial Court entered summary judgment that plaintiff take nothing and held that plaintiff failed to establish a cause of action against defendants.

Plaintiff appeals, contending that the Trial Court erred in granting Summary Judgment that he take nothing.

■ From the undisputed record, plaintiff's agreement was to secure the finishing of the well on defendants' land for *60% of the working interest;* plaintiff did not do this, inasmuch as Scurlock, who plaintiff contends he obtained to deepen the well, required *75%.* Plaintiff did not consummate his part of his agreement with defendant, and summary judgment that plaintiff take nothing was proper.

■ But aside from this, plaintiff cannot recover because his action is one to enforce an oral agreement for the conveyance of an interest in land. Plaintiff alleges that for securing Scurlock to deepen defendants' well, defendant was to pay plaintiff *"a sum equal to 1/32 of the value of the oil, gas and other minerals produced and to be produced".* Royalties from future production under oil and gas leases, whether payable in money or in kind constitute an interest in land. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021; Minchen v. Fields, 162 Tex. 73, 345 S.W.2d 282; LaRue v. Wiggins, Tex.Civ.App., (n. r. e.) 277 S.W.2d 808.

Plaintiff's contract was not in writing and is barred by the Statute of Frauds, (Art. 3995(4) (5) and Art. 3995a).

■ Plaintiff further seeks to impress a constructive trust for his benefit on ⅟₃₂ interest in the oil and gas produced and to be produced from the lands of defendant, here involved under the doctrine announced in Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256; Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401; Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557; and Thompson v. Newman, Tex.Civ.App., (n. w. h.) 378 S.W.2d 879. In such event the Statute of Frauds or the Texas Trust Act (Art. 7425b–1 et seq. V.A.T.S. would not bar a recovery by plaintiff for want of writing. In the foregoing cases a constructive trust was impressed on property purchased by

defendant upon information revealed by plaintiff in return for an oral promise of an interest in the property. A constructive trust, however, cannot be created by parol on land already owned, because the owner cannot make a binding parol contract to convey such land. Sorrells v. Coffield, 144 Tex. 31, 187 S.W.2d 980; Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146. Since defendant herein already owned the lands, plaintiff's contention of a constructive trust in his favor must fail, and the Statute of Frauds and the Texas Trust Act, bar a recovery by plaintiff on defendants' oral promise, as a matter of law.

The judgment of the Trial Court is correct. Plaintiff's contentions are overruled and the judgment appealed from is affirmed.