**E. K. BURT et al., Appellants,**

v.

**BILL LISLE DRILLING CO., Inc.,
Appellee.**

**No. 16714.**

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1966.

Rehearing Denied April 8, 1966.

Nelson & Sherrod, and Stan Carter, Wichita Falls, for appellants.

Thornton, Thornton & Fisher, and Rick P. Fisher, Olney, for appellee.

RENFRO, Justice.

This is a venue case.

Plaintiff was Bill Lisle Drilling Co., Inc. Defendants were E. K. Burt; Janato, Inc., Burt Drilling Co., a partnership composed of E. K. Burt and Charles C. Glover; Enos K. Burt, d/b/a Bur-Tex Oil Co.; Mischer Construction Co., and Pasadena Gardens Development Corporation.

Suit was filed in Archer County.

None of the defendants resided in Archer County.

All defendants filed pleas of privilege to have the case transferred to the respective counties of their residence. Plaintiff controverted all the pleas of privilege.

The pleas of privilege filed by the defendants were overruled.

All defendants appealed, and in numerous points of error contend the evidence was not sufficient to sustain venue in Archer County.

Plaintiff incorporated its petition in the controverting plea and claimed venue in Archer County under the provisions of Exception 12 to Art. 1995, Vernon's Ann. Civ.St.

Said exception provides: "A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Plaintiff's petition sought to foreclose "a valid, existing and unsatisfied Mechanic's and Materialman's lien" and to secure its accounts for goods and services on and affecting a certain described oil and gas leasehold estate in Archer County. It was alleged that the lien was properly recorded in Archer County and said lien was made a part of the petition by reference to volume and page of the Mechanic's Lien Records of Archer County. It was alleged that the defendants owned an interest in the leasehold estate. The first four named defendants were named in the affidavit. It was further alleged that the nature of the interest of the defendants Mischer Construction Co. and Pasadena Gardens Development Corporation was unknown to plaintiff but any interest owned by said defendants was second and inferior to plaintiff's first and superior lien.

In construing subdivision 12 the San Antonio Court of Civil Appeals held: "This Court has held on a number of occasions that where a suit is brought to foreclose a mortgage or other lien upon land or other property, venue may be sustained in the county where the land or other property is located, under the provisions of Subdivision 12 of Article 1995, Vernon's Ann. Civ.Stats., by alleging a lien upon the property, without the necessity of proving a valid debt and lien. The nature of the suit is determined by a consideration of the pleadings and not the evidence." Morgan Farms v. Brown, Tex.Civ.App., 231 S.W.2d 790 (1950). The above rule was expressly approved by the Supreme Court in Morgan Farms v. Murray, Chief Justice, et al., 149 Tex. 319, 233 S.W.2d 123 (1950).

Among more recent court of civil appeals cases recognizing and following the Morgan Farms cases are: Seidel v. Gully, 242 S.W.2d 442 (Eastland Civ.App., 1951, no writ hist.); McKinney v. Calvert Fire Ins. Co., 257 S.W.2d 452 (Eastland Civ. App., 1953, no writ hist.); Ward v. Davis, 262 S.W.2d 533 (Waco Civ.App., 1953, no writ hist.); and Agey v. Sidwell, 313 S.W.2d 313 (Amarillo Civ.App., 1958, no writ hist.).

Since the petition showed the nature of the case to be foreclosure of a superior

lien on property owned by defendants and the evidence showed that the property was located in Archer County, the court did not err in overruling the defendants' pleas of privilege.

Affirmed.