**Louis ROSS et al., Appellants,**

v.

**KATY EMPLOYEES CREDIT UNION,**
**Appellee.**

**No. 17079.**

Court of Civil Appeals of Texas.

Dallas.

May 17, 1968.

Burt Barr, Dallas, Charles H. Gullett & Charles O. Smyre, Denison, for appellants.

Donald W. Keck (of Fritz & Vinson), Dallas, for appellee.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and in lieu thereof the following is substituted.

This is a venue case.

On August 23, 1966 appellee Katy Employees Credit Union sued Louis Ross and

wife Eloise O. Ross for a balance of $3,300 past due on two installment promissory notes, each in the original amount of $2,000, one dated January 28, 1963, the other February 13, 1963. Louis Ross signed both notes. Eloise Ross did not sign either of them. Both notes by their terms are payable in Dallas County, Texas.

The note of January 28, 1963 contains this recitation: "Collateral: Katy Credit Union Shares." The note of February 13, 1963 contains this recitation: "Collateral: $2,000.00 shares in Katy Employees Credit Union."

In its suit appellee also seeks foreclosure against the collateral above described. It alleges that by virtue of said collateral agreement it has a lien on two accounts showing amounts on deposit with appellee. One of these accounts, No. 6387, is a joint account in the name of "Louis Ross or Eloise O. Ross" and shows a balance on deposit of $1,441.50 in shares. The other account, No. 6214, is in the name of "Mrs. Eloise Ross." The names of her children, Rebecca Jane Ross and Ray Louis Ross, are shown on the "Joint Share Account Agreement." This account shows a balance on deposit of $2,152.50 in shares. The name of Louis Ross does not appear on the signature card or any other part of Account No. 6214.

Louis Ross did not answer appellee's suit.

On September 9, 1966 Eloise Ross filed a plea of privilege seeking to have the cause as to her transferred to Grayson County, Texas, the county of her residence. She also filed an alternative plea to the merits. In both pleadings she alleged that she had not signed either of the notes sued on and that Account No. 6214 is her sole, separate property and estate, therefore is not subject to a lien, or to foreclosure to secure payment of her husband's debt.

Then began an unusual train of events. Appellant Eloise Ross did not comply with Rule 86 or Rule 21b, Texas Rules of Civil Procedure. She did not actually deliver in person to appellee a copy of her plea of privilege; and she did not mail a copy of such pleading to appellee by registered mail or by certified mail, return receipt requested. An unsigned "Certificate of Service" attached to appellant's plea of privilege and alternative answer simply states that a copy of said pleading was delivered to appellee's attorney "by depositing the same in the United States mail regularly stamped."

Appellant later sought by a request for admissions to elicit from appellee and its attorney (not its present attorney) an admission that a copy of the plea of privilege had in fact been received by regular mail. But appellee's attorney answered under oath that said request for admission was "Neither Admitted nor Denied as these facts are not within the knowledge of the Plaintiff or its attorney."

There is no proof in the record that appellee received notice that appellant had filed a plea of privilege until October 1, 1966 when a copy of appellant's motion for judgment on her plea of privilege was received by appellee. On October 11, 1966 appellee filed a controverting plea asserting that under Subdivisions 5, 12 and 29a of Art. 1995, Vernon's Ann.Civ.St., the plea of privilege should be overruled.

Meantime on October 3, 1966 a judge sitting for the judge in whose court the matter was pending had entered a judgment sustaining the plea of privilege.

On December 2, 1966 appellant filed a motion to strike appellee's controverting plea which had been filed on October 11, 1966.

Upon discovering this state of the record appellee on March 9, 1967 filed a motion to set aside the order of October 3, 1966 on the ground that it was void, having been entered prior to the expiration of the ten day period allowed appellee to file its controverting plea.

On July 2, 1967 the court sustained appellee's motion to set aside the judgment of October 3, 1966 on the ground that said judgment was void. At the same time the court ordered that appellee's controverting plea should be allowed to be filed and considered.

On October 26, 1967 the court overruled appellant's plea of privilege. It is from this order that this appeal has been taken.

In her first, third and fourth points on appeal appellant charges that it was error to overrule her plea of privilege because appellee did not file its controverting plea within the time prescribed in Rule 86, Texas Rules of Civil Procedure, and did not show good cause for its failure to do so; that the judgment of October 3, 1966 sustaining her plea of privilege was conclusive and *res judicata*; that said judgment was final and it was error for the court to set it aside nine months later. We do not agree with appellant.

■ Since appellant did not comply with Rule 21b or Rule 86, T.R.C.P. in the matter of serving a copy of her plea of privilege on appellee, and since there is no evidence that appellee had notice until October 1, 1966 of the filing of said plea, its controverting plea filed October 11, 1966 was not too late. A plaintiff cannot be expected to controvert a plea of privilege until he receives his copy of the plea either in fact or as prescribed by Rules 21b and 86, T.R.C.P. Appellant cites a number of cases holding that when a controverting plea is filed more than ten days after receiving a copy of the plea of privilege the trial court must sustain the plea of privilege. The cases cited by appellant are not in point. So far as we have been able to ascertain in every case cited by appellant the defendant had complied with Rule 86, or the plaintiff had actually received a copy or notice of the plea of privilege, whether in compliance with Rule 86 or not; and had thereafter failed to file a controverting plea within ten days.

■ We think that the premature rendition of the judgment of October 3, 1966 had the legal effect of denying appellee its right to the timely filing of its controverting plea on October 11, 1966 and was void for that reason. Consequently the court properly set the judgment aside. Consolidated Underwriters v. McCauley, 320 S. W.2d 60 (Tex.Civ.App., Beaumont 1959, writ ref'd n. r. e.); Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, 707 (1944); Harrison v. Whiteley, 6 S.W.2d 89 (Tex. Com.App.1928). Appellant's first, third and fourth points on appeal are overruled.

In her second point on appeal appellant asserts that the court erred in overruling her plea of privilege because no exception exists to her right to be sued in the county of her domicile. In her argument under this point appellant contends (1) that appellee cannot invoke Art. 1995, Subdivision 12, V.A.C.St., to retain venue in Dallas County because appellee failed to prove it had a valid lien against Account No. 6214; and (2) it failed to prove that appellant was a necessary party to appellee's suit against Louis Ross as required by Art. 1995, Subdivision 29a, V.A.C.S.

■ It was not necessary for appellee in this plea of privilege proceeding to offer evidence establishing the validity of its lien. It was necessary to show that the cause of action is of such a nature as to bring it within the terms of Subdivision 12; and the nature of the suit is to be determined by an inspection of the pleadings. Morgan Farms v. Brown, 231 S.W.2d 790 (Tex.Civ.App., San Antonio 1950, holding approved by Supreme Court in per curiam opinion, Morgan Farms et al. v. Murray, Chief Justice et al., 149 Tex. 319, 233 S. W.2d 123); Seidel v. Gully, 242 S.W.2d 442 (Tex.Civ.App., Eastland 1951, no writ); Agey v. Sidwell, 313 S.W.2d 313 (Tex.Civ.App., Amarillo 1958, no writ). Appellee's pleading certainly alleges a cause of action the nature of which brings it within the purview of Subdivision 12 if the property is shown to have been situated

in Dallas County. That the property is situated in Dallas County is established by the undisputed evidence. Thus the pleading and proof are sufficient to retain venue in Dallas County under Art. 1995, Subdivision 12, V.A.C.S.

 We think that appellee's petition alleges a cause of action against Eloise Ross as well as against Louis Ross within the purview of Subdivision 12 of Art. 1995, V.A.C.S. We quote from the petition:

"That at the time when the loans * * * were made the *Defendants* pledged as security for such loans the amounts on deposit in *their* accounts described in Paragraph III to secure payment of the said loans and that the Plaintiff therefore has a lien against the money in the two accounts. * * * That the Plaintiff is entitled to a judgment * * * for foreclosure of its liens against the two accounts described in Paragraph III. Wherefore, premises considered, Plaintiff prays * * * for foreclosure of its liens against the money on deposit in the two accounts of *Defendants* * * *." (Emphasis ours.)

The two accounts described in paragraph III are Accounts Nos. 6214 and 6387. Thus, according to appellee's petition, Eloise Ross is not a stranger to the transaction whereby appellee became the owner of the alleged liens against both accounts. Consequently Subdivision 12 also applies to Eloise Ross. Kerin v. Jones, 185 S.W.2d 448 (Tex.Civ.App., Waco 1945, no writ); Pierson v. Pierson, 136 Tex. 310, 150 S. W.2d 788 (1941).

 It is our opinion that venue may be maintained as to Eloise Ross in Dallas County, under Subdivision 12 by and of itself alone. But if this were not so needed aid in this respect would be supplied by Subdivision 29a of Art. 1995. We believe Eloise Ross is a necessary party in order for it to be possible for appellee to obtain the complete relief it seeks under its pleadings. The evidence shows she personally endorsed the check for $1,500 with reference to the loan of January 28, 1963. On the loan of February 13, 1963 $500 of the loan was made directly to her by appellee. Eloise Ross claims that Account No. 6214 is her separate property. In 3 Jones on Mortgages, § 1809 (1421) it is said, "Where the mortgage was executed by the husband alone, the wife of the mortgagor is not generally a necessary defendant *unless she claims the premises adversely as her separate property.*" (Emphasis ours.) Under appellee's pleadings both defendants pledged the accounts. But even if the husband alone pledged them she would still be a necessary party since she claims one account as her separate property.

Appellant's second point on appeal is overruled.

The judgment of the trial court is affirmed.