CACTUS DRILLING COMPANY,
Appellant,

v.

OZARK GAS & OIL CO. et
al., Appellees.

No. 15651.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 17, 1976.

Rehearing Denied Feb. 9, 1977.

John L. Sullivan, Philip M. Hall, Corpus
Christi, for appellant.

Tinsman & Houser, Inc., San Antonio, for
appellees.

KLINGEMAN, Justice.

This is a venue action. Cactus Drilling
Company [Cactus] appeals from orders of
the District Court of Zavala County, Texas,
sustaining the respective pleas of privilege
of defendants, Ozark Gas & Oil, Inc.
[Ozark], Winn Exploration Co., Inc. [Winn],
and C. Gorum [Gorum]; wherein the cause
of action against Ozark was transferred to
the District Court of Bexar County, Texas,
and the cause of action against Winn and
Gorum transferred to the District Court of
Maverick County, Texas.

Plaintiff, Cactus, by one point of error
asserts that the trial court erred in sustain-
ing appellees' pleas of privilege because
Cactus' pleadings show that the nature of
its claim is one for foreclosure of a lien;
and the record establishes that the property
is located in Zavala County, Texas.

This suit was filed by Cactus in Zavala
County, Texas. Plaintiff's petition names
three defendants; Ozark, Winn, and Go-
rum. Such petition alleges that (1) defend-
ants are oil and gas producers and that
pursuant to contract plaintiff performed
certain described drilling operations on two

oil and gas wells on lands located in Zavala County, Texas; (2) the defendants are the owners of, or have interest in, the leasehold estate in such lands; (3) such drilling services aggregate $82,027.80, and are unpaid; (4) plaintiff, under the applicable provisions of the statutes of this State governing liens against oil and gas mineral properties,[1] filed in the office of the County Clerk of Zavala County, Texas, a verified itemized account of its claim for services performed in the drilling of the two oil and gas wells and thereby fixed and perfected its statutory lien. There is attached to such petition a copy of such recorded lien, describing in detail the work done; stating that Winn, Ozark, and Gorum are the owners of the oil, gas, and mineral leasehold against which the lien is claimed; and describing the land situated in Zavala County, Texas; (5) plaintiff be granted judgment against defendants in the amount of $82,027.80, plus reasonable attorney's fees, interest, and costs of court; seeking foreclosure of its statutory lien upon the leasehold premises therein described and the improvements thereon; and for order of sale, and for writ of possession.

All defendants filed pleas of privilege. Plaintiff timely filed its controverting affidavit in which it contends that (1) venue is proper in Zavala County, Texas under Subdivision 12, art. 1995, Tex.Rev.Civ.Stat. Ann., in that this is an action to foreclose a lien against the leasehold interests of defendants; (2) a statutory lien has been fixed and perfected for plaintiff under the statute governing liens pertaining to oil, gas, and mineral properties by the filing of plaintiff's verified written account or claim of lien in the public records of Zavala County, Texas, as shown by the exhibits attached to plaintiff's original petition; (3) at the time of the filing of its original petition, defendant, Winn, was the record owner of the oil, gas, and mineral estate, and defendants, Ozark and Gorum, were owners of equitable rights in, and operating interests in the oil, gas, and mineral leasehold estate;

(4) the property involved is situated in Zavala County, Texas. A copy of plaintiff's original petition is attached to the controverting affidavit and incorporated as a part thereof for all purposes.

All defendants filed answers subject to their pleas of privilege; and defendant, Gorum, filed an answer and counterclaim in which he states, among other things, that the account is not true and just because it does not make allowances for sums due and owing to him by plaintiff arising out of plaintiff's negligence and breach of contract in connection with the drilling of an oil and gas well, to Gorum's damages in excess of $250,000.00.

Subdivision 12, art. 1995, Tex.Rev.Civ. Stat.Ann., provides that a suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated.

The rule is set forth in 1 MacDonald, Texas Civil Practice § 4.20 (1965), as follows:

Suits to foreclose liens upon real or personal property may be maintained in the county where the property or any part, is located. The lien may be an express contractual obligation or an equitable or implied lien. That the defendant may deny the existence of a lien does not defeat venue. But the pleading must be sufficient to show a lien 'of which the plaintiff is entitled to claim protective benefit.' . . . The venue facts are: (I) the nature of the action, determined from the petition; and (II) the location of the property or a part thereof in the county at the time of institution of the suit, established by extrinsic evidence. A plaintiff who pleads a lien and shows the location of the property, or a part thereof, in the county need not establish by extrinsic evidence that he has a lien enforceable against the defendant.

1. Article 5473, Tex.Rev.Civ.Stat.Ann. (1958).

This Court, in *Hagan v. Anderson*, 506 S.W.2d 298 (Tex.Civ.App.—San Antonio) *writ ref'd n. r. e.*, 513 S.W.2d 818 (Tex. 1974), said:

> In order to maintain venue under Subdivision 12, a plaintiff need only show that his action is one for the foreclosure of a lien and that the property subject to the lien is located in the county in which suit is brought. The nature of the action as one for foreclosure of a lien is determined by the allegations of the petition, while the location of the land is established by extrinsic evidence. Despite some earlier holdings to the contrary, it is now established that a plaintiff who pleads a lien and shows that the land is located in the county in which his action has been filed need not establish by extrinsic evidence that he in fact has a lien enforceable against the defendant. *Morgan Farms v. Murray*, 149 Tex. 319, 233 S.W.2d 123 (1950); *Knape v. Davidson*, 465 S.W.2d 448 (Tex.Civ.App., Tyler 1971, writ dism'd).[2]

*See also Agey v. Sidwell*, 313 S.W.2d 313 (Tex.Civ.App.—Amarillo 1958, no writ); *Burt v. Bill Lisle Drilling Co.*, 401 S.W.2d 267 (Tex.Civ.App.—Fort Worth 1966, writ dism'd); *Irwin v. Par-Oil Well Servicing Company*, 344 S.W.2d 893 (Tex.Civ.App.—Texarkana 1961, no writ).

■ Appellees recognize the rule that when a suit is brought to foreclose a lien on land, venue may be sustained under exception 12 by alleging a lien upon the property without the necessity of proving a valid debt and lien. Appellee maintains, however, that plaintiff must allege he has a valid lien and asserts that the plaintiff here failed to state an enforceable claim against the defendants for the foreclosure of a lien, and that plaintiff's petition shows upon its face that plaintiff does not have an enforceable lien.[3]

■ We disagree. From an examination of plaintiff's pleadings, including the attached exhibits, we have concluded that plaintiff's petition alleges a valid claim and lien upon the property involved; and that it is a suit for foreclosure of such lien.[4] It is undisputed that the property involved is situated in Zavala County, Texas.

We hold that the trial court erred in sustaining the pleas of privilege of Ozark, Winn, and Gorum. The judgment of the

---

2. In *Morgan Farms v. Brown*, 231 S.W.2d 790 (Tex.Civ.App.—San Antonio) *aff'd, Morgan Farms v. Murray*, 149 Tex. 319, 233 S.W.2d 123 (1950), the Court said:

> It is the contention of appellants that before appellee could sustain venue in this case he would have to show from a preponderance of the evidence that he had a valid mechanic's lien against the land involved. We overrule this contention. This Court has held on a number of occasions that where a suit is brought to foreclose a mortgage or other lien upon land or other property, venue may be sustained in the county where the land or other property is located, under the provisions of Subdivision 12 of Article 1995, Vernon's Ann.Civ.Stats., by alleging a lien upon the property, without the necessity of proving a valid debt and lien. The nature of the suit is determined by a consideration of the pleadings and not the evidence.

3. Appellees rely upon such cases as *Texas International Products v. Mustex, Inc.*, 368 S.W.2d 27 (Tex.Civ.App.—Fort Worth 1963, no writ); *Harwood v. Hunt*, 473 S.W.2d 287 (Tex. Civ.App.—Beaumont 1971, no writ); and *Mulloy v. Humble Oil & Refining Co.*, 250 S.W. 792 (Tex.Civ.App.—El Paso 1923, no writ).

4. Plaintiff alleges, among other things, (a) that defendants are oil and gas operators and that plaintiff performed drilling operations for two oil and gas wells located in Zavala County, Texas; (b) defendants are the owners of or have interest in the leasehold estate in such lands; (c) that plaintiff has perfected and is a holder of a statutory lien for its drilling operations under the provisions of the applicable statutes for fixing liens against oil, gas, and mineral interests. There is attached to such a petition and made a part thereof the lien filed by plaintiffs in Zavala County, Texas.

trial court sustaining these pleas of privilege are reversed and remanded to the trial court of Zavala County, with instruction that the case be reinstated on the docket of such court for trial on the merits.

BARROW, Chief Justice, dissenting.

I respectfully dissent to the rendition of the judgment. The record shows that appellees, who were defendants below, moved for an instructed verdict at the close of appellant's case. At that time counsel for defendants stated:

> We would like at this time, Your Honor, if Mr. Sullivan has rested, to make a motion before we put on any evidence of our own. If the Court overrules our motion we will have evidence to put on of our own.

It was the contention of defendants that the pleading of plaintiff that it had a lien was made for the sole purpose of retaining venue in Zavala County. Although defendants did not expressly plead that the allegation of a lien in plaintiff's controverting plea was fraudulently made, evidence to this effect was admitted without objection. Their motion for instructed verdict was made on the basis that this contention was shown by plaintiff's own evidence. In making such motion, defendants expressly reserved the right to put on evidence should the motion not be granted. I would remand the case to the trial court to enable defendants to present their evidence. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458 (1948).